CHARLES LAVELLE, Respondent, v. JAMES
BELLIU et al., Appellants.

Kansas City Court of Appeals, October 1 and November 5, 1906.

1. INTERPLEADER: When Sustained: Plaintiff: Parties: Title. A bill of interpleader can be sustained where the plaintiff is in possession of property claimed by hostile parties under adverse title derived from a common source.

2. ———: ———: Lost Money: Parties. By English common law and statute the finder of personal property is entitled to remedy by interpleader, and such action may be sustained where the party has no adequate remedy at law.

3. ——: ——: ——: ——: Finder: Bailee: Owner. Where the bailee of finder of lost money ascertains the latter's intention to convert the same, he cannot return it without becoming an accessory and thereupon becomes bailee of the owner and may maintain an interpleader against claimant to such lost money.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*Hairgrove & Stubbs* for appellant.

(1) The petition fails to state a cause of action because: (a) The petition shows upon its face that plaintiff is not a mere stakeholder; and fails to allege that plaintiff is likely to be vexed by two or more suits by two or more different parties, going on at the same time. (b) The petition shows upon its face that plaintiff received the property in controversy as the agent of appellant, and the relation of principal and agent existed between plaintiff and appellant at the commencement of this suit. (c) The petition shows upon its face that plaintiff was a wrongdoer as to appellant at the commencement of this suit, in this: that it was plaintiff's duty to return to appellant the bill in controversy when he had accomplished the purpose for which he received it, and particularly upon demand. (d) The petition shows upon its face that the several defendants do not trace their title or right of possession to the property in controversy to a common source. Hathaway v. Foy, 40 Mo. 544; 2 Story, Eq. Jur. (12 Ed.), secs. 806, 807, 816, 817b, 819, 820; Tyrus v. Rust, 37 Ga. 574; Hatfield v. McWhorter, 40 Ga. 269; Gibson v. Goldthwaite, 7 Ala. 282; 11 Ency Pl. and Pr., p. 457; U. S. v. Vietor, 16 Abb. Pr. (N. Y. Sup. Ct.), 153; 11 Ency. of Pl. and Pr., p. 459; Kyle v. Coal Co., 112 Ala. 606; Pfister v. Wade, 56 Cal. 43; Ryan v. Lamson,

44 Ill. App. 204; Mitchell v. Mfg. Co., 26 Ill. App. 295; Ins. Co. v. Pingrey, 141 Mass. 411; Sprague v. Soule, 35 Mich. 35; Wells v. Miner, 25 Fed. Rep. 533; Standley v Roberts, 59 Fed. Rep. 836; Stone v. Reed, 152 Mass. 179; Supreme Council L. of H. v. Palmer, 107 Mo. App. 163; Marvin v. Ellwood, 11 Paige 365; Atkinson v. Manks, 1 Cowen 703; Shaw v. Coster, 8 Paige 339. (2) The petition fails to state a cause of action against the appellant because it shows upon its face that defendant appellant, was rightfully in possession of the property and had vested rights therein by virtue of being the finder thereof, and that plaintiff received the property from appellant as his agent and upon an express or implied promise to return it to appellant. R. S. 1899, secs. 8475-8479.

*Frank P. Sebree* and *Thad. B. Landon* for respondent.

(1) The only questions which this court is called upon to determine is whether the petition states a cause of action, and whether the court has jurisdiction. The bill of interpleader, or petition, in this case is a good bill, therefore states a cause of action. Bishpam's Principles of Equity, sec. 422; Gibson v. Goldthwaite, 6 Ala. 281; Lawson on Bailments, p. 11; 19 Am. and Eng. Ency. Law (2 Ed.), p. 580; Woodmen of the World v. Wood, 100 Mo. App. 658; Crane v. McDonald, 118 N. Y. 648; Arnold v. Bank, 100 Mo. App. 474; Railroad v. Hamagan, 95 Mo. App. 485; Supreme Council v. Palmer, 107 Mo. App. 157; Wells, Fargo & Co. v. Miner, 25 Fed. 533; Cobb v. Rice, 130 Mass. 231. (2) Appellant has waived all other objections to the bill by going to trial on the merits. That there was a remedy at law has been waived by appellant. Kilbourn v. Sunderland, 130 U. S. 505; Fletcher, Equity Practice, sec. 194; Supreme Council v. Palmer, 107 Mo. App. 164; Heusner v. Ins. Co., 47 Mo. App. 336; Cobb v. Rice, 130 Mass.

231.   (3)   It was not necessary that the court make an order that the parties interplead before hearing the case on its merits, when the issues were made up and all questions could be heard and disposed of at the same time.    State ex rel. v. Kumpff, 62 Mo. App. 336; Fletcher, Equity Pr., sec. 790; Bank v. Look, 95 Mich. 7; Kirtland v. Moore, 40 N. J. E. 106.

BROADDUS, P. J.—As the case is to be disposed of on the record proper, it becomes necessary to state the contents of the pleadings and the orders and judgment of the court.

The petition of plaintiff alleges that on or about the 20th day of October, 1904, the defendant represented to plaintiff that on said day he had found in the city of Independence a five-hundred-dollar bill of the currency of the United States; that defendant gave the bill to plaintiff with the request that he ascertain whether it was genuine or counterfeit; that prior thereto the bill had been presented by defendant's father to a meat merchant in said city in payment for the purchase price of twenty-five cents worth of meat; that after defendant had given the bill to plaintiff to learn whether the same was genuine or not, and after it had been ascertained that it was genuine, he came to plaintiff and requested him to have it changed and to give one hundred dollars to the meat merchants to keep their mouths shut, to keep two hundred dollars himself, and to give him, defendant, two hundred dollars, and that each say nothing about the finding of the money, which plaintiff refused to do; that he placed the bill in an envelope in the presence of defendant, W. A. Symington, cashier of the First National Bank of Independence, and placed the envelope containing the money with said Symington until it could be determined who was the true owner thereof, and the plaintiff at once proceeded to notify the officers of the law of the county concerning said

bill and to advertise in the newspapers for the owner. Plaintiff alleges that defendant Belliu after he had placed the bill in his hands made affidavit of the finding of money amounting to more than ten dollars, but afterwards sought to obtain possession thereof in order that he might cash it and use the proceeds, and thereby deprive the owner of his money. The petition alleges that since the publication of said notices in the newspapers the defendants, William Frye, W. I. White and Belle P. McArthur, have each made and filed with plaintiff a written statement describing a $500 bill and each claiming to be the true owner of the bill. The petition then sets forth the respective claims of the three persons named.

The petition further states that defendant Belliu now demands the bill and threatens to convert the same to his own use and deprive the owner of his money; that plaintiff has no claim or interest in the money except to see that it is returned to the true owner, and that he has no knowledge or information sufficient to determine what the actual rights of the different defendants in and to the bill are, or may be, and that he is unable to return it to the rightful owner until said rights have been determined, although he is ready, willing and desirous to do so. The plaintiff prays that the respective claimants to the bill be required by order of the court to interplead among themselves as to their respective rights to the money and that the court adjudge to whom it belongs. Plaintiff offers to the court the care and custody of the bill and asks to be protected against all liabilities on account thereof. It is further stated that defendant Belliu has demanded of him the bill and has brought a replevin suit to obtain its possession. A restraining order is asked to prevent the further prosecution of the replevin suit until the rights of all the parties may be ascertained and declared by the court.

One of the claimants, William Frye, filed his interplea claiming the bill.

Afterwards the defendant Belliu filed a motion to dismiss plaintiff's bill and dissolve the restraining order that had been issued. The court declined to pass upon the motion thus filed, whereupon defendant Belliu filed his answer. The answer at first is a general denial and then follows substantially these allegations: That he found the bill as stated in plaintiff's petition; that plaintiff obtained possession of it for the purpose of having it examined to ascertain if it was a good bill or a counterfeit one; and that at the time he promised to return the same to defendant, but that he did not do so, but instead secreted it and refused to return it although he was so requested. The answer further alleges that defendant is entitled to the possession of the bill by reason of the fact that he was the finder thereof, the same having been lost by the true owner; that prior to this action defendant had commenced an action in replevin for the recovery of said bill, which at the time of the commencement of this suit was pending and undetermined; and that plaintiff and said First National Bank were defendants in said action; that he gave a good and sufficient bond as required by law in such cases. Wherefore he prays that the action be abated, etc. Plaintiff filed a reply to defendant's answer.

Defendant also filed an answer to the interplea of William Frye consisting of a general denial.

Defendant, W. A. Symington, filed his separate answer admitting that he had possession of the bill and was holding it subject to the order of the court.

Plaintiff filed reply to answer of William Frye, interpleader, stating that he had no knowledge or information of the facts set forth in said answer, and asking the court to require strict proof thereof.

A trial was had before the court without the intervention of a jury, which rendered a decree adjudging

the bill to the interpleader William Frye as the true owner. The defendant Belliu excepted to the judgment of the court and filed his motion asking for a new trial, which was overruled by the court. He also filed his motion in arrest of judgment, which was also overruled.

But the real issue in the case is, does the petition state a cause of action. The appellant Belliu raises many questions, but we will confine ourselves to a review of those which we consider as decisive of the case. It is urged that in order to give jurisdiction in a proceeding by bill of interpleader the petition should state that: "The same debt, fund or thing must be claimed by hostile parties under adverse titles derived from a common source; the interpleaders must be a mere stakeholder with no interest in the subject-matter, must have incurred no liability to either of the claimants personally, and must stand exposed to the risk of being vexed by two or more suits for the fund or other subject-matter in dispute." This is the law as stated in, Supreme Council v. Palmer, 107 Mo. App. 157. This is a statement of the law as also found in 3d Pomeroy's Eq. Jur., sec. 1319, et seq., and 2d Story's Eq. Jur., chapter 20. We have examined many, if not all, the Missouri decisions on the question, and find that in each, where a bill of interpleader was sustained, it was a case where the fund or property in the hands of the plaintiff was claimed by hostile parties, under adverse titles, derived from a common source. We refer to the following cases: Woodmen of the World v. Wood, 100 Mo. App. 655; Sullivan v. Knights of Father Mathew, 73 Mo. App. 43; Roselle v. Farmer's Bank of Norborne, 119 Mo. 84; Arn v. Arn, 81 Mo. App. 133; Freeland v. Wilson, 18 Mo. 381; State ex rel. v. Kumpff, 62 Mo. App. 332; Hathaway v. Foy, 40 Mo. 541; Hartsook & Home v. Chrissman, 114 Mo. App. 558. The proceeding by interpleader is held to be an equitable proceeding, and that unless the facts bring the

case within the rule a court of equity has no jurisdiction and the parties must resort to a court of law for relief.

But there is scarcely any general rule but what has its exceptions. At common law where the thing in controversy came to the possession of the depositary by finding, and he was sued in detinue by different persons, each claiming to be the owner in severalty, the case was one for interpleading. But it is said the remedy was not allowed in any personal action except detinue; and then only, when founded either in privity of control, or upon a finding. [Story's Eq. Jur., secs. 803, 804.] "Under the ancient common law, the relief of interpleader was allowed in two special cases in a legal action by a court of law: When two or more persons had made a joint bailment and then brought separate actions of detinue against the depositary for the thing bailed; and when the thing came into the holder's possession by finding, and two or more persons claiming to be the owners sued him in separate actions of detinue." [Pomeroy's Eq. Jur., sec. 37.] The principle is also found in Metford's Pleadings, pp. 141, 142. The rule as there stated is: "The principles upon which the courts of equity proceed in these cases are similar to those by which courts of law are guided in the case of bailment; the courts of law compelling interpleader between persons claiming property, for the indemnity of third persons in whose hands the property is, in certain cases only, as where the property has been bailed to the third person by both claimants, or by those under whom both make title; or where the property came to the third person by accident; and the courts of equity extending the remedy to all cases to which in conscience it ought to extend, whether any suit has been commenced by any claimant, or only a claim made." In Reeve's History of the English Law, the exception to the general rule

121 App—29

is given as applied to the finder of a chattel, and it is stated that when the practice became obsolete the jurisdiction was restored by act of parliament, although the same principle was carried out in the courts of equity, pp. 600, 601. We therefore find that, both by the English statute which has been adopted by legislation, and by the course of practice in the English courts of equity, the finder of personal property was entitled to the remedy by interpleader. We have found no case in our reports where the question has arisen, but we are persuaded that unless the plaintiff is afforded the remedy claimed he will be without sufficient protection from the demands of the different claimants, and that he will be harassed by more than one law suit, and subjected to the risk of paying lawyers' fees and cost for which there would be no remuneration. And as it is a familiar and well-established principle that equity will grant relief where the party has no adequate remedy at law, we believe the proceedings can be upheld on that ground.

The plaintiff became the bailee of the finder of the bill, but when he ascertained that it was the intention of the finder to convert it to his own use, he could not have returned the bill to him without being a *particeps criminis,* an accessory to the commission of a felony, and it became his duty to retain it until the owner could be found. When Belliu formed the intention of converting the bill to his own use, he forfeited his right as such finder, and plaintiff therefore in a sense became the bailee for the owner.

We think the petition contains equities that appeal to the conscience of the court, therefore the cause is affirmed. All concur.