## ROBERT SCOTT, Respondent, v. F. M. LEWIS, Appellant.

### Kansas City Court of Appeals, January 5, 1914.

1. **CONTRACTS: Damages.** Plaintiff, relying upon a contract had with defendant to lend him a sum of money needed to make the final payment on the purchase of a farm, bought the farm and paid $400 down on it. Before doing so, however, he told defendant what he was about to do and again asked him if he could depend upon getting the loan. Defendant answered him he could. After the initial payment had been made and the time came to make the final payment, defendant failed to let plaintiff have the money as he had agreed. Plaintiff endeavored to get the money elsewhere but failed and the sale of the farm fell through, plaintiff losing the payment he had made. *Held* that, in a suit against defendant on the breached contract to lend, plaintiff could recover, and that, under the testimony, his damage was the sum thus paid with interest from date of payment.

2. ———: ———: **Evidence: Burden of Proof: Prima-Facie Case.** The contract to lend and the breach thereof having been shown, and plaintiff's loss sustained thereby having been

shown to be the natural, reasonable and probable result of said breach, and reasonably within the contemplation of the parties at the time the contract to lend was made, the testimony of plaintiff as to such loss made a prima-facie case; and if defendant wanted to contest the question of damages it was then incumbent upon him to offer countervailing testimony. Plaintiff was not required to first sue the former owner in an endeavor to recover the payment made to him before suing the one responsible for and causing the loss.

3. ———: **Recovery of Payment Made on Parol Purchase of Land.** A person making a partial payment on a parol purchase of land cannot, upon a failure on his part to complete the purchase, recover the payment made where the seller is willing to make the sale.

Appeal from Sullivan Circuit Court.—*Hon. Fred Lamb,* Judge.

AFFIRMED.

*Earl F. Nelson* for appellant.

*T. B. Davis* and *D. M. Wilson* for respondent.

TRIMBLE, J.—Suit for damages for breach of a contract to lend plaintiff money with which to complete the purchase of a farm. Plaintiff, in reliance upon the alleged contract to lend him the necessary money, entered into an oral contract with the owner of the farm for its purchase and paid $400 down on same. Owing to the failure of defendant to comply with his agreement to lend, plaintiff was unable to complete the purchase and lost the payment he had made; hence this suit.

The farm plaintiff desired to buy belonged to a man named Cousins who was demanding $4600 for it. Plaintiff had only $1100 of his own, and went to defendant and told him he, plaintiff, could buy the Cousins farm if defendant would lend him $3500 on it. Defendant agreed to do this. Relying on this agreement, plaintiff agreed with Cousins to buy the farm

at $4600. The warranty deed from Cousins to plaintiff and plaintiff's deed of trust to defendant were to be executed the following Wednesday and put up in the bank. Simultaneously with the putting up of these deeds, plaintiff was to pay $400 down on the place and the balance, $4200, was to be paid February 1, 1911. On the following Wednesday, as plaintiff was on his way to the bank to meet Cousins and have the deeds made and pay the $400, he passed the place where defendant was stopping and told defendant he was on his way to pay the $400 and to have the deeds made, and wanted to know of him if he could surely depend on his letting him have the money. To this defendant replied "Yes, you can." Relying upon this assurance, thus doubly made, plaintiff paid Cousins the $400, and the warranty deed from Cousins to plaintiff and the trust deed from plaintiff to defendant were executed and put up with the bank to be held until February 1, 1911, when the $4200 was to be paid and the deeds delivered. Along in December, defendant started to his home in Arkansas. Plaintiff drove him to the station, and on the way, plaintiff asked him what he should do to get money when February 1st arrived. Defendant told him he had authorized his nephew to turn the money over to him when the deal was to be closed, and when that time came, to go to his nephew and get it.

As February 1, drew near plaintiff spoke to the nephew about getting the money for use on that date. The nephew said his uncle, the defendant, had made no arrangements in reference to any money and that he knew nothing of it. And on January 31, defendant wrote plaintiff that, because he had not succeeded in getting in some money as he expected, he could not let him have the loan. Plaintiff then endeavored to get the money elsewhere in order to complete his purchase of the farm, but was unable to obtain it and lost the purchase of the farm and the $400 he had paid

thereon. He then brought this suit, laying his damages at $400 with six per cent interest from February 1, 1911. The jury returned a verdict for the full amount sought and defendant appealed.

At the trial the theory of the defense was that only $2500 was agreed to be lent, and all the evidence was directed toward that issue, no contention being made in the evidence that plaintiff had not shown himself to be damaged. He alleged in his petition that he had lost $400 as a result of defendant's breach of his contract to lend. The facts testified to showed that the loss was the natural and necessary result of such breach and was such as came reasonably within the contemplation of the parties when the contract to lend was made. The testimony given by plaintiff as to the extent of his damages was sufficient to make out a prima-facie case even if the rule now contended for by defendant applied. If defendant had wished to controvert plaintiff's testimony as to the extent of his damage it was incumbent upon him, defendant, to go forward with testimony to meet it. After plaintiff's testimony on the point was in, with no countervailing testimony in opposition thereto, but with plaintiff's contention as to damages apparently conceded, or at least not contested, merely asking an instruction to the effect that plaintiff was entitled only to nominal damages, is not sufficient to either destroy plaintiff's prima-facie case, or require him to prove it more conclusively.

Defendant's contention really is that possibly plaintiff, in a proper lawsuit, could have recovered from Cousins the $400 paid him on the purchase price of the land, or, at least, that portion thereof, if any, in excess of Cousins's damage for breach of the contract to buy the farm, and that, as plaintiff did not show beyond question that he had lost all of the $400, therefore he could recover of defendant only nominal damages for the breach of the contract to lend. We

are not impressed with this contention even if the rule of law contended for by defendant remotely applied to the state of facts here. But it does not. Plaintiff, having paid the $400 on the land, and being *himself* the party unable to complete the contract, which the other party *was willing* to perform, cannot recover it or any part of it. [Galway v. Shields, 66 Mo. 313; Lang v. Murphy, 137 Mo. App. 217.]

The judgment is affirmed. All concur.