LOUIS REPETTO, Administrator of the Estate of
JOHN J. ROGERS, deceased, Plaintiff-Respondent,
v. FRANCISCO RAGGIO and CHARLES FEN-
SKY, Defendants-Appellants, MARSHALL A.
STUTSMAN, Defendant.

**St. Louis Court of Appeals. Opinion Filed May 6, 1919.**

1. **INTERPLEADER: Several Claimants to Fund: Question of Doubt
of Fact or Law: Right to Interplead.** A stakeholder of a fund to
which there are several claimants, concerning whose claims the
stakeholder has a valid doubt either as to a question of fact or of
law, is not required to decide such question at his peril, provided
he is disinterested and his doubt respecting the question of fact
or law, as may be the case, is one of good faith.

2. ———: ———: ———: ———: **Administrator May Interplead.** An
administrator simply holding a fund as stakeholder, standing in-
different between the claims of a distributee and a nonresident
attorney, may file a bill of interpleader, and whether or not the
nonresident attorney had been discharged by the distributee or may
or may not be entitled to the benefit of the Missouri Attorney's
Lien Statute, does not make the case any the less one of inter-
pleader.

Appeal from the Circuit Court of the City of St.
Louis.—*Hon. Glendy B. Arnold,* Judge.

AFFIRMED.

*Charles Fensky* for appellants.

(1) The court erred under the law and the evidence
in this case in sustaining the bill of interpleader. Free-
land v. Wilson, 18 Mo. 380; Railways Co. v. O'Connor,
153 Mo. App. 128; Bland v. Robinson, 148 Mo. App.
168-169. (2) The court erred in holding that the defend-
ant Stutsman had an attorney's lien, under the law and
the evidence in this case, upon a portion or all of the
funds in the hands of the administrator, notwithstanding
the order of distribution directed him to pay the full

amount to appellant Raggio. Bland v. Robinson, 148 Mo. App. 168-169; Beardslee v. Morgner, 73 Mo. 25; Young v. Thrasher, 48 Mo. App. 327; Chandler v. Dodson, et al., 52 Mo. 128; Orchard v. Storage Co., 225 Mo. 443; Gillett v. Camp, 19 Mo. 404. (3) The court erred in overruling this appellant's motions for a new trial and in arrest of judgment. (4) The court erred in refusing to dismiss respondent's bill when the court's attention was called to the answer of defendant Stutsman, wherein he sought by crossbill to obtain a judgment against respondent Repetto for a sum larger than he alleged in his petition, he held as an innocent stakeholder. An issue of personal liability was made by the pleadings. Smith v. Grand Lodge, 24 Mo. App. 202. (5) Upon the record, the pleadings and the evidence in this case, the court should have dismissed respondent's bill of interpleader. (6) The court erred in holding that an administrator after a final order of distribution could maintain a bill of interpleader, when only a portion of the total fund ordered to be paid to appellant Raggio by said order of distribution was claimed by defendant Stutsman. Bland v. Robinson, 148 Mo. App. 168-169. (7) Under the final order of distribution respondent Repetto as administrator was bound to pay the full sum coming to appellant Raggio and it was error to sustain said bill of interpleader for the reason that said order of distribution was ample protection to respondent Repetto, as administrator and his bondsman. State, ex rel. Harrison v. Babb, 77 Mo. App. 280; Railway Co. v. O'Connor, 153 Mo. App. 128. (8) The court erred in sustaining the objection to appellant Raggio's offer of proof as follows: That after November 3, 1914, no further proceedings were filed in the probate court by defendant Stutsman, nor did he appear in a representative capacity; that motions to discover assets and for removal of administrator were filed by defendant Charles Fensky for and on behalf of

all heirs; that defendant Stutsman, after said date, took no part or did anything further or offered to do anything further in the matter of motions to discover assets; that in July, 1914, the entire estate was settled by and between the representatives of respondent Repetto and defendant Charles Fensky, representing all of the heirs of said estate; also to introduce the statutes of the State of California to show that they were never subject to the common law and for the further purpose of showing that California had no attorneys' lien law. (9) The decree sustaining the bill of interpleader is against the law under the evidence, and not supported by the evidence. (10) There is no evidence in the record that defendant Stutsman rendered any legal services in a proceeding pending in the probate or any other court in this State. (11) The attorneys' lien law does not apply to probate business or its administration. (12) A non-resident attorney has no lien under a contract made in another State with a non-resident client, on his client's cause of action, in this State, even though such cause of action came within the enumerations of Missouri attorneys' lien law.

*S. J. Walton* for respondent.

(1) A final judgment from which no appeal is taken does not protect a debtor against an attorney's lien. Nor does it prevent a judgment debtor from maintaining a bill of interpleader. Nicola v. Car & Foundry Co., 185 Mo. App. 285. (2) An attorney' lien is a valid assignment *pro tanto*. Lawson v. Telephone Co., 185 Mo. App. 124, l. c. 132. (3) In order that an attorney may have a lien for his fee it is not necessary, when the proper notice is served, that he appear in court, or that any suit or action ever be instituted in his client's behalf. Sec. 965, R. S. 1909. (4) The dismissal of defendant Stutsman's crossbill had the same effect, so far as the amount in controversy is concerned, as an

amended bill would ordinarily have, and amendments correcting the amount in a bill of interpleader are permissible. Section 1848, R. S. 1909; Smith v. Grand Lodge, 124 Mo. App. 181, 208. (5) Claims of third persons against distributees must, if an adjudication becomes necessary, be tried in a court of general jurisdiction, and not in the probate court. When facts exist which might put the administrator in jeopardy by paying a distributee he has a right to have a competent tribunal determine to whom the share belongs. Johnson v. Jones, 47 Mo. App. 237, 242. (6) Independent of any statutory right, an attorney may acquire an equitable lien on the proceeds of his client's claim or cause of action, for his fee. Ingersoll v. Coram, 211 U. S. 335; Barnes v. Alexander, 232 U. S. 117. (7) A stakeholder who is honestly in doubt as to which of two claimants demanding a fund is entitled thereto will not be compelled to determine, at his own risk, close questions of law or fact, but may require the claimants to interplead. Smith v. Grand Lodge, 124 Mo. App. 181, 203.

*Jourdan, Rassieur & Pierce* for Louis Repetto, Administrator, plaintiff-respondent.

*E. E. Rudolph* and *Claude O. Pearcy* for Marshall A. Stutsman, defendant-respondent.

(1) After a stakeholder has actually been forbidden by one of the claimants to pay over the fund to another, he is not bound to exercise any judgment in the matter whatever as to who is, or who is not, entitled, and is permitted to discharge himself by invoking the aid of the court by an interpleader, and it is well settled that a valid doubt respecting either a question of fact or law is sufficient in this behalf for the stakeholder under such circumstances, and he is not required at his peril to decide either close questions of fact or nice questions of law. It is suf-

ficient for him that he be disinterested, and, in good faith, is in doubt as to which of the claimants is entitled to the fund, whether that question arise out of law or fact. Smith v. Grand Lodge A. O. U. W., 124 Mo. App. 181, 203; Little v. St. Louis Union Trust Company, 197 Mo. 281; Modern Woodmen of the World v. Wood, 100 Mo. App. 655; 5 Pomeroy Equity Jurisp., sec. 40. (2) The question of whether the respondent, Stutsman, is entitled to the fund held by respondent, Repetto, is one of fact and law, involving as it does whether he was justly or unjustly discharged and also whether the law allows him a lien to the extent of his contract in this kind of proceedings, and the respondent, Repetto, as administrator, is not obliged at his peril to determine in advance whether under the law and facts he is entitled to such lien, but is entitled to interplead and let that matter be determined in the trial between the parties contending for the fund. See authorities under point 1. (3) The probate court cannot, either before or after final settlement or upon order of distribution, litigate and adjudicate the controversies between distributees and their assignees or those with whom they have entered ino contracts involving a part of their share. It is only proper to determine that question after final order of distribution has been made, by the administrator filing an interpleader or impounding the share in a court of general jurisdiction. Johnson v. Jones, 47 Mo. App. 237; State ex rel. Jones v. Jones, 53 Mo. App. 217; Cauley v. Truitt, 63 Mo. App. 356; In re Winnegars Estate, 118 Mo. App. 445, 448-9; In re Wood Estate, 138 Mo. App. 258, 262-3; In re Estate of Strom, 134 Mo. App. 340, 348. (4) The amount held by the respondent, Louis Repetto, is exactly twenty-three per cent of the amount adjudged by the probate court to be due Francisco Raggio upon final settlement, and is therefore prima facie subject to the statutory attorney's lien of respondent Stutsman under his contract with

appellant. See R. S. 1909, secs. 964-5; Elam v. Bond, 169 Mo. App. 584, 592. (5) Irrespective of the question of lien under the Missouri statute, the contract of respondent, Stutsman, with appellant was such as to create a prima facie present equitable right or title in an amount to be recovered in the future, and constituted an equitable assignment of the twenty-three per cent called for by the contract. Schubert v. Herzberg, 65 Mo. App. 578; Crecelius v. Bierman, 72 Mo. App. 355; Wabash Railway v. Bowring, 103 Mo. App. 158; Ingersoll v. Coram, 211 U. S. 355; Barnes v. Alexander, 232 U. S. 117; Wylie v. Coxe, 15 Howard, 415; 3 Pomeroy's Equity Jurisp., (3 Ed.), secs. 1235-36; Bispham's Principles of Equity (9 Ed.), pages 568 and 569; Deering v. Schreyer, 58 App. Div. (N. Y.) 322 68 N. Y. S. 1015; Harwood v. La Grange, 137 N. Y. 538, 32 N. E. 1000. (6) The contract of Stutsman also constituted an equitable lien upon the proceeds to be recovered whenever they came into existence. Wait v. Railroad, 204 Mo. 491; Bispham's Principles of Equity (9 Ed. 1915), sec. 351, p. 568; Bispham's Principles of Equity (9 Ed. 1915), sec. 165, p. 279; Pomeroy's Equity Jurisp., sec. 1235; Cases under point 5. (5) A creditor can assign a fraction of the amount of claim due him from a debtor subject only to the consent of the debtor. If the debtor consents to the assignment, as in this case by separating it for interpleader, it is valid and binding upon the assignor, and he cannot complain. Schubert v. Herzberg, 65 Mo. App. 578.

BECKER, J.—This is an appeal from a judgment sustaining plaintiff's bill of interpleader and requiring the several defendants to interplead. Motions for new trial and in arrest of judgment were filed by the defendants, Raggio and Fensky, which were overruled, and in due course each of said defendants perfected his appeal. The defendant, Stutsman, did not appeal.

One John J. Rogers died in the city of St. Louis and administration was taken out upon his estate by Louis Repetto, Francisco Raggio, one of the defendants, lived in California and, being desirous of establishing his heirship in the estate of the said John J. Rogers, deceased, employed the defendant, Marshall A. Stutsman, an attorney and a resident of the State of California, to undertake to establish his heirship and his right to a distributive share in the estate of said Rogers, deceased, and according to the terms of the alleged contract for such services, Raggio agreed to allow said Stutsman, as his fee out of the proceeds so recovered from the estate of John J. Rogers, deceased, twenty-three per cent thereof. It is further alleged that Raggio also executed and delivered to the defendant, Stutsman, a power of attorney, making said Stutsman his attorney in fact to recover, for the use and benefit of said Raggio, any moneys, credits and property of whatever kind, and to compromise and to settle and execute contracts, agreements and leases as to any claim which said Raggio had against the estate of said Rogers, deceased.

There is testimony to the effect that the defendant, Stutsman, thereupon employed Charles Fensky, an attorney of the city of St. Louis, to appear with him in the probate court of the city of St. Louis where the Rogers' estate was in probate, and to assist generally in the work of establishing the relationship and heirship of the said defendant, Raggio, to said Rogers, deceased; Stutsman making arrangements with Fensky to pay him a contingent fee out of the share to which defendant, Raggio, should become entitled. In connection with the proving of Raggio's heirship, depositions were taken in California, either by Stutsman in person or by and through his efforts, and a correspondence ensued with various parties in Italy; also correspondence between Stutsman and Fensky in St. Louis.

The employment of Stutsman, as attorney, occurred in February, 1913, and in the early part of October of the same year an arrangement was effected with the administrator of the estate whereby the said Raggio was acknowledged to be one of the heirs and entitled to a distributive share in the estate of said Rogers, deceased. It further appears that Stutsman, after it was agreed that Raggio was an heir at law of said Rogers, deceased, and entitled to a distributive share, prepared and sent the necessary receipts and papers, purported to be signed by the defendant, Raggio and the other heirs, whom Stutsman claimed to represent, to a local bank in St. Louis to be delivered to the administrator, Repetto, upon his paying the amounts that said Raggio and the others heirs, whom Stutsman claimed to represent, were entitled to under the order of distribution of the probate court in said estate.

It further appears that on the 3rd day of November, 1913, defendant, Raggio, served a notice in writing upon defendant, Stutsman, in which he attempted to discharge Stutsman as his attorney in the matter of the estate of Rogers, deceased, and also revoked and canceled his power of attorney. And it is alleged that after the said 3rd day of November, Stutsman performed no further services whatever for the defendant, Raggio.

After the serving of the notice upon Stutsman, in which it was endeavored to discharge him as attorney, Charles Fensky from then on represented the said Raggio as attorney. A written notice was served upon Repetto, as administrator, that Raggio had discharged Stutsman as his attorney and notifying him not to pay over to said Stutsman any moneys that might be due said Raggio as his distributive share in said estate.

The order of distribution in the estate of said Rogers, deceased, was made by the probate court of the city of St. Louis on the 3rd day of July, 1914, wherein

and by which said order Repetto, as administrator of said estate, was directed to distribute and pay to the said defendant, Raggio, as one of the distributees, the sum of $585.68. It further appears that Stutsman had served notice upon the administrator, Repetto, of his claim to an attorney's lien, claiming twenty-three per cent of such sum as said Raggio might be entitled to as his distributive share in said estate; also that said Raggio made demand upon the said administrator for the full amount allowed him in the order of distribution by the probate court. Repetto, as administrator, paid the defendant, Raggio, all of the money he was directed to under the order of distribution aforesaid, with the exception of $134.70, which amount was claimed under the alleged attorney's lien by said defendant, Stutsman. Repetto endeavored to effect an adjustment between the defendants, Raggio and Stutsman, as to the balance of the fund in hands, but failing in that filed his suit making Raggio, Fensky and Stutsman defendants, and asking leave of the court to be permitted to pay the fund voluntarily into court and that the defendants be required to interplead therefor, and the plaintiff stand discharged from all liability whatsover to the defendants.

Upon a hearing the court found the issues in favor of the plaintiff and allowed him to pay the fund into court and ordered the clerk to pay plaintiff's counsel $25 out of the fund and tax it as costs, and the defendants were ordered to plead for the fund within fifteen days.

## I.

Appellants raise the point that defendant, Stutsman, filed an answer and cross-bill, and that in the latter he sought to obtain a judgment against respondent, Repetto, for a larger amount than said Repetto alleged in his petition he held as stakeholder. This

point is not well taken in that an examination of the record discloses that prior to judgment the defendant, Stutsman, dismissed his cross-bill.

## II.

We are solely interested in the case before us with the question as to whether or not the learned trial court properly held the case to be one for interpleader, the question of the merits as between the contending parties not being an issue in this branch of the case.

It is apparent from the record in this case that there was a final order of distribution made by the probate court in the estate of John J. Rogers, deceased, by which order, among other things, the plaintiff, Louis Repetto, as administrator of said estate, was ordered to pay over to the defendant, Raggio, as his distributive share, the sum of $585.68.

It is conceded that there has been no appeal from the approval of the final settlement or the said order of distribution, and that prior to the time of the entering of the final order of distribution a written notice had been served upon the administrator by defendant, Stutsman, of his claim of an attorney's lien amounting to twenty-three per cent of the distributive share of the said defendant, Raggio, and that when the time came when the administrator could pay said Raggio his distributive share, as provided in the order of distribution, the said Raggio, denying the right of the defendant, Stutsman, to any part thereof, made demand upon the administrator for the full amount allowed him by said order of the probate court; that the administrator thereafter paid Raggio his distributive share less such sum thereof as was claimed by Stutsman under his alleged attorney's lien, and that Raggio and Stutsman failing to reach an agreement, said Repetto, as administrator, filed his bill of interpleader.

It cannot be disputed but that a stakeholder of a fund to which there are several claimants, concerning whose claims the stakeholder has a valid doubt either as to a question of fact or of law, is not required to decide such question at his peril, provided he is disinterested and his doubt respecting the question of fact or law, as may be the case, is one in good faith. [Little v. St. Louis Union Trust Co., 197 Mo. 281 94 S. W. 890, and cases there cited; Smith v. Grand Lodge, A. O. U. W. 124 Mo. App. 181, 101 S. W. 662.]

The facts as disclosed by this record show that Raggio and Stutsman each claim the $134.70 in the hands of Repetto as administrator of the estate of John J. Rogers, deceased; that Repetto, as such administrator, does not claim any interest in the subject matter; that said Repetto, as administrator, is simply holding the fund as a stakeholder and that he stands perfectly indifferent between the claims of Raggio and Stutsman, and it being admitted that Stutsman had been employed by Raggio as attorney in the matter concerning Raggio's interest in said Rogers' estate, and that under said contract of employment. "Stutsman was to receive twenty-three per cent of the entire proceeds of all moneys and property recovered and reduced to possession belonging to said estate," and Stutsman, having served written notice of his alleged attorney's lien upon the fund in the hands of said Repetto, as administrator, and Raggio, having served written notice not to pay over any of his distributive share to Stutsman and having made demand that the full amount be paid direct to him, we are of the opinion and so hold that the learned trial court properly sustained plaintiff's bill of interpleader. Whether Raggio in point of fact actually discharged Stutsman as his attorney and what effect such discharge, if there was in point of fact a discharge, may have had upon Stutsman's claim of an attorney's lien, or whether Stutsman,

being a non-resident of the State of Missouri, and by reason of that fact may or may not be entitled to the benefit of our Missouri Attorney's Lien Statute, does not make the case any the less one of interpleader; in fact these very questions being involved in the case make out plaintiff's right to his bill of interpleader in that, as we have stated above, a mere stakeholder of a fund is not required, at his peril, to decide controverted questions of fact or close questions of law.

What we have said herein is sufficient to dispose of the case. There are several points which have been raised by the appellants each of which we have examined but found to be without merit. It follows that the judgment should be affirmed. It is so ordered.

*Reynolds, P. J.,* and *Allen, J.,* concur.