JOHN A. MOORE & COMPANY, INC., RESPONDENT, v. J. S. McCONKEY, APPELLANT.—203 S. W. (2d) 512.

Kansas City Court of Appeals.   Opinion delivered June 7, 1947.

*Charles M. Miller* for appellant.

200

*Paul R. Stinson* and *Dick H. Woods* for respondent.

*Stinson, Mag, Thomson, McEvers & Fizzell* of counsel.

SPERRY, C.—This is an interpleader action, instituted by John A. Moore & Co., Inc., a real estate dealer, plaintiff, against defendants Serena B. and Hans R. Lorsch and Anne G. and Max C. Reefer, owners of the Rasbach Hotel under a lease for a term of years, and

defendant J. S. McConkey, who sought to purchase the hotel from the first named defendants through the agency of plaintiff, to whom McConkey paid $5000 as earnest money in connection with his offer to purchase.

Plaintiff alleged, and the evidence tended to prove, that defendants Lorsch and Reefer were the owners of a leasehold estate upon the land and improvements comprising the Rasbach Hotel, in Kansas City, Missouri, and were the owners of the furniture and equipment used therein; that said defendants gave to plaintiff the exclusive agency to sell said property within a specified period of time, for which service plaintiff was to be paid a commission; that defendant McConkey, on December 21, 1944, submitted a written offer to buy said property for the sum of $57,500, and paid to plaintiff, as earnest money, the sum of $5000; that he offered to pay $11,000 cash on delivery of assignment of the leasehold interest and bill of sale for the personal property, together with possession thereof, and to execute notes secured by deed of trust on the property in the amount of $41,500; that by the terms of said written offer defendants Lorsch and Reefer were required to accept said offer on or before December 23, 1944, and the entire transaction be completed and possession delivered to McConkey within 20 days after acceptance of said offer to purchase; that all of said owners, with the exception of Serena B. Lorsch, accepted said offer, in writing, subject to minor requirements; that defendant McConkey accepted, in writing, the above mentioned written counter proposal of defendants Lorsch and Reefer; (we do not mean to say that the failure of Serena B. Lorsch to sign said proposal was immaterial but we are here merely giving a resume of the happenings, and are not declaring their legal effect); that, thereafter, defendants McConkey, Lorsch and Reefer were unable to agree on the terms of a mortgage agreement and contract covering the unpaid balance of the purchase price; that the time fixed for completion of the transaction expired; and that McConkey demanded of plaintiff that he pay the $5000 over to him, and defendants Lorsch and Reefer also demanded payment to them of the said $5000, claiming that the transaction failed through no fault of theirs but because McConkey refused to go forward according to the contract.

The court heard evidence and adjudged that plaintiff was entitled to implead all defendants in this action; ordered the $5000 paid into the registry of the court, which was done; allowed plaintiff his costs, including $350 for attorneys' fees, same to be paid out of said fund, and discharged plaintiff; and ordered the defendants to plead and show their respective interests and rights in and to said fund. Defendant McConkey appeals.

He contends that plaintiff failed to allege and prove facts sufficient to support the judgment; that plaintiff failed to establish his right to maintain his position as an interpleader.

Interpleader is an equitable remedy, existing independent of statute. 4 Pomeroy's Eq. Jurisprudence 902; Lavelle v. Belliu, 121 Mo. App. 442, 448, 97 S. W. 200; Standard Surety & Casualty Company v. Baker, 105 Fed. 2d, 578, 1. c. 580, 581. As such it ". . . depends upon and requires the existance of the four following elements, which may be regarded as its essential conditions: 1. The same thing, debt, or duty must be claimed by both or all the parties against whom the relief is demanded; 2. All their adverse title or claims must be dependent, or be derived from a common source; 3. The person asking the relief—plaintiff—must not have or claim any interest in the subject matter; 4. He must have incurred no independent liability to either of the claimants; that is, he must stand perfectly indifferent between them, in the position of a stakeholder." 4 Pomeroy's Eq. Jurisprudence 906; Paul v. Howard Davis, Inc., 20 So. 2nd, 795, 1. c. 796.

However, our legislature has, by enactment of Section 18, Laws Missouri, 1943, page 353, (947.18 Mo. R. S. A. 1939) enlarged the scope of bills of interpleader, and has liberalized the law on this subject. Section 18, supra, completely abolishes condition 2, as stated by Pomeroy, and also permits plaintiff to deny liability, in whole or in part, to any or all of the defendants, thus broadening and liberalizing the remedy in regard to conditions 3 and 4, supra. 1 Carr Missouri Civil Procedure 163; Girard Trust Company v. Vance, 4 F. R. D. 255; Standard Surety and Casualty Company v. Baker, 105 Fed. 2d, 578. Since Section 18, supra, is taken, word for word, from Rule 22 (1) of the Federal rules for Civil Procedure, the above Federal Court authorities are very persuasive in construing said section.

Said section provides as follows:

"*Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability.* It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. *A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counter-claim.* The provisions of this section supplement and do not in any way limit the joinder of parties permitted in section 16 of this code." (Emphasis ours).

The purpose of our new code is to simplify and liberalize procedure, to the end that litigation shall be expedited and justice be administered with a minimum of technical procedural hindrance. It is the privilege and duty of our appellate courts to construe

its provisions so as to permit the accomplishment of the purpose so earnestly sought by its authors.

In Geitz v. Bank, 108 S. W. 2d 1066, l. c. 1069, the St. Louis Court of Appeals, speaking through Hostetter, P. J., said:

"The crucial test of the right to maintain a bill of interpleader is that plaintiff should be possessed of money or property which he owes, if money, to some one else, or, which, if property, belongs to some one else, and which is claimed by defendants or some of them, and, by reason of diverse claims of defendants or of some of them, the plaintiff has a reasonable *bona fide* doubt, either growing out of a question of law or of fact, as to which one of the rival claimants is legally entitled thereto."

We think that, by Section 18, supra, the forest of confusing judicial pronouncements concerning the law of interpleader has been cleared away; and that this court is now free to apply the test mentioned in the above decision as, in effect, the sole test of plaintiff's right to maintain this action. Reference to the language of Section 18, supra, particularly that portion we have emphasized, discloses that most of the conditions heretofore required to be shown in order to maintain a bill of interpleader are thereby relegated to the scrap pile of worn out and abandoned rules no longer deemed suitable for 20th century judicial procedure.

The first sentence of the quoted statute prescribes virtually the sole test of whether or not a bill of interpleader will lie. The statute does not destroy or change the nature of the remedy of interpleader as recognized in equity; it merely broadens its scope. 1 Carr Missouri Civil Procedure 163, 4 Pomeroy's Eq. Jurisprudence (5th Ed.), Symons 902, 922. It is purely a procedural statute.

Plaintiff received $5000 from appellant, as earnest money, on a proposed contract to buy certain described property owned by defendants Lorsch and Reefer. The sale was never consummated and, after expiration of the time set by appellant for final consummation of the sale, both appellant and defendants Lorsch and Reefer demanded of plaintiff that he pay over the money.

Defendants Lorsch and Reefer contended that the sale failed of consummation through no fault of theirs but because appellant refused to agree to the terms of a deed of trust securing the unpaid portion of the agreed purchase price, it having been stated in the offer to purchase, as made by appellant, that he would secure by a deed of trust the sum of $41,500 of the purchase price offered.

If defendants Lorsch and Reefer were within their rights in demanding appellant's execution of the deed of trust proposed by them, and if appellant wrongfully refused to execute same, then appellant was not entitled to recover his earnest money. Webb & Kinne v. Steiner, 113 Mo. App. 482, l. c. 489; 87 S. W. 618; Scott v. Lewis, 177 Mo. App. 8, l. c. 11; 163 S. W. 265; Quigley v. King, 182 Mo.

App. 196, l. c. 209; Doerner v. St. Louis Crematory and Mäusoleum Company, 80 S. W. 2d 721, l. c. 723.

We do not hold that a valid contract for sale of the property was entered into between the parties, nor that appellant wrongfully refused, thereafter, to complete the contract as made, if one was made; but it was not necessary that plaintiff determine those questions at his peril. According to the evidence he had no pecuniary interest in the question of who should receive the money. He was only required to appraise the risk of multiple suits, in good faith, in the light of circumstances as they appeared to him at the time the suit was brought. Texas v. Florida, 159 Supreme Court, 563, 121 A. L. R. 1179, l. c. 1187. It was only necessary that appellant, and defendants Lorsch and Reefer, have substantial claims to the fund held by plaintiff, and that he might be exposed to double liability, in order that he be entitled to the relief sought. Woodman of the World v. Wood, 100 Mo. App. 655, l. c. 657; 75 S. W. 377; Repetto v. Raggio, 201 Mo. App. 628, l. c. 638; 213 S. W. 525. Had either of the parties defendant, or both, sued plaintiff, it cannot be questioned but that plaintiff could have answered by way of cross-claim or counterclaim and could have obtained interpleader, under the specific terms of the statute.

Appellant contends that the action is founded on Section 18, supra, and that plaintiff himself so states in his brief; that, therefore, it is an action at law and not one in equity. The statute does not create an action; it merely regulates and liberalizes the procedure to be followed in the ancient equitable action of interpleader. Dowd v. Bond, 199 S. W. .954, l. c. 955, cited by appellant, is not in point.

He also contends that the court had no power to allow plaintiff an attorney fee, to be paid out of the funds. This contention is grounded on the theory that the action is one at law, which theory is erroneous. He cites Foreman v. Foreman, 198 S. W. 2d 873, l. c. 874, wherein we held that "in the absence of statutory authority, it was improper to award attorneys' fees." In Prudential Insurance Company v. Goldsmith, 192 S. W. 2d 1, l. c. 4, we held that attorneys' fees are not allowable in the absence of statute or agreement.

One invariable rule to be followed in construing a judicial opinion is to bear in mind the particular facts of the case then under consideration. The two above cited cases are law cases. In Woodman of the World v. Wood, supra, we held that it is the rule to allow attorneys' fees in interpleader cases. In Oldham v. McKay, 235 Mo. App. 348, l. c. 359, we held that a trustee in an interpleader action was entitled to have an allowance for attorneys' fees paid out of the trust fund, and that the law is well settled on that point.

The allowance made for attorneys' fees is not excessive, considering the amount involved.

The judgment should be affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.