## ALBERT LEE v. M. J. CONRAN, Appellant.

### Division One, July 3, 1908.

1. **JURY TRIAL: What Cases.** All issues triable by a jury prior to the adoption of the Constitution of 1875, are still triable by a jury. That is the meaning of section 28 of article 2 of the Constitution which says that "the right of a trial by jury, as heretofore enjoyed, shall remain inviolate."

2. ——: **Quieting Title under Section 650.** In a suit brought under section 650, Revised Statutes 1899, to ascertain and determine title to land, if the issues joined entitle the parties to an ordinary judgment at law, then the parties are entitled to a jury trial; but if the issues tendered are equitable in their nature and call for equitable relief, the cause is triable before the chancellor.

3. ——: ——: **Accretions.** Suits involving questions of accretions to lands are possessory actions and are for the recovery of specific real estate, and long prior to the adoption of the present Constitution and ever since, the issue of accretion or no accretion has been triable by a jury. So that where the suit was brought by plaintiff, under Section 650, Revised Statutes 1899, to ascertain and determine the title to certain lands, and defendant answers that the plaintiff bases his right thereto on the issue that they were accretions to certain of plaintiff's shore lands, and denies they are such accretions, and affirmatively alleges that they were accretions to a certain island formed in the Mississippi prior to the law of 1895, and that defendant bought them from the county, the only issue is whether the land was an accretion to the shore or to the island, and is an ordinary one at law, and is triable by a jury, and if a jury is demanded it cannot be denied.

4. **ACCRETIONS: Evidence: Prior Application to County to Purchase.** Evidence that prior to bringing his suit, in which he claimed that the land sued for was accretions to his shore land, plaintiff had made formal application to the county court to purchase the land, is competent evidence for the purpose of affecting plaintiff's credibility as a witness. If the lands were accretions to plaintiff's shore lands, there seems no good reason why he should have desired to purchase them from the county.

Appeal from New Madrid Circuit Court.—*Hon. W. C. Russell,* Special Judge.

REVERSED AND REMANDED.

*Robert S. Rutledge* for appellant.

(1) The court erred in overruling defendant's application for a jury to try the question of fact under the pleadings. Defendant set up in his answer that the land in suit was such as is designated in article 6 of chapter 122, Revised Statutes 1899, and that he had bought same from New Madrid county. Under this answer it was a question of fact—Was it an island or not? Was it an accretion to plaintiff's land on the old river bank or not? Under the pleadings, which was the issue tendered by defendant, the defendant asked and was entitled to a jury. R. S. 1899, sec. 691; Grayson v. Weddle, 80 Mo. 39; Benoist v. Thomas, 121 Mo. 660; Gunn v. Thurston, 130 Mo. 339. (2) The court erred in refusing to permit defendant to introduce the minutes of the county court, and the application of plaintiff, Albert Lee, to purchase the land from the county, and erasures therein shown. (3) The court erred in refusing to permit defendant to introduce in evidence the application of H. C. Riley to the county court to purchase the land on the island in front of his land on the bank. Also the quitclaim deed from Conran to Riley. This written application of H. C. Riley should have been admitted in evidence as showing that he considered the land an island and not an accretion to his bank, as the maps and surveys and all the testimony showed that a part of the island lay in front of his land on the old river bank, by the side of Lee's. Also the quitclaim deed from Conran to Riley to that part, when he found that Conran had become the owner. The case was not tried before him, as the record discloses, because he was an interested party. (4) The court erred in its special finding of fact for plaintiff in every particular, and the same is insufficient. The answer made the issue one of fact, as there was no question about the law, and no dec-

larations of law were asked, required or proper. The finding is also insufficient. Freeman v. Wilkerson, 50 Mo. 554; Hamil v. Talbatt, 72 Mo. App. 22. (5) The court erred in rendering judgment and finding for plaintiff. The finding of the court on the evidence and the judgment, we think, is against the great weight of evidence, and such as should not have been given. R. S. 1899, sec. 866; Joy v. Call, 124 Mo. App. 569; Blount v. Spratt, 113 Mo. 48; Land Co. v. Bretz, 125 Mo. 418.

*W. H. Miller* for respondent.

(1) Appellant contends that the court erred in refusing to grant him a trial by jury of certain issues of fact which were necessary to a proper determination of the case, and cites in support of this point section 691, Revised Statutes 1899, and Grayson v. Weddle, 80 Mo. 39; Benoist v. Thomas, 121 Mo. 660; Gunn v. Thurston, 130 Mo. 339. It is sufficient to say that none of these citations are at all in point. In an equity case the court may or may not submit issues of fact to the jury. Its refusal to do so is never error and if it does do so it is not bound by the verdict. Bern v. Powell, 83 Mo. 365; Keithley v. Keithley, 85 Mo. 217; Estes v. Fay, 94 Mo. 660; Hatcher v. Emerson, 73 Mo. App. 287; Weil v. Kune, 49 Mo. 158. (2) Appellant complains that the court erred in refusing to permit defendant to introduce the minutes of the county court and the application of Lee to purchase the land from the county. This was not error, under any circumstances, because Lee himself testified, as also Judge Stacy, presiding judge of the county court, that Lee was simply trying to "buy his place." In other words, he preferred to pay $1.25 per acre for the land rather than litigate about it with the defendant, Conran. Subsequent events have developed the fact that his action was right from a money standpoint, because this litigation has already cost him much more than $1.25 per acre

for the land involved.    The law encourages compromises and never permits things said or done in an effort to compromise to be used to the disadvantage of the party.    (3) Complaint is made because the court refused to allow defendant to introduce in evidence the application of Judge Riley to purchase some land in front of his property on the river bank, not in front of the Lee property, but, for aught the court knows, miles away, and also a deed from Conran to Riley.    This was not competent under any view.    First: It did not touch the land in question; second: it was not affecting the points to the law suit, Lee being a stranger to the transaction, and was the purest and rankest kind of hearsay, and tended to prove no issue whatever in the case.

WOODSON, J.—This suit is based upon section 650, Revised Statutes 1899, to determine and quiet title to the lands described in the petition.

The petition, in substance, alleges that the plaintiff is the owner of the lands in fee simple; that no one is in possession of same, except that he has from time to time cut and removed timber therefrom; that the defendant claims some title, estate or interest in and to the same, the nature and character of which claim is not known to plaintiff, and for that reason it cannot be described, except that it is adverse and prejudicial to the plaintiff.

Omitting the formal parts, the answer is as follows:

"Now comes the defendant herein and for amended answer to plaintiff's petition denies each and every allegation therein contained, not hereinafter admitted, and prays for judgment against plaintiff for costs.

"Further pleading, defendant denies that plaintiff is now or ever was the owner of the lands set out in plaintiff's petition, but expressly avers that defendant is the owner of said lands and was at the time of the

filing of plaintiff's petition herein, and that plaintiff well knew that fact.

"Further, defendant admits that plaintiff at and before the filing of plaintiff's petition herein was trespassing upon said lands and did trespass upon said lands and cut and remove large quantities of valuable timber therefrom; defendant denies that plaintiff did not know the nature and character of the title, interest and estate of defendant in and to said land, but expressly avers that plaintiff did well and truly know the exact nature and character of defendant's title, estate and interest in and to said land.

"Defendant says that the land described in plaintiff's petition is located in the Mississippi river on the west or Missouri side of the center of the main channel of said river and in New Madrid county, Missouri; that it is an island formed in said river long prior to April 8th, 1895; that at and for a long time after its first formation or appearance as an island it was entirely surrounded by the waters of the river and that for many years the water flowed between said land and the Missouri bank of the said Mississippi river; that there were accretions to said island from time to time until it became a large body of land. That said land is and was on April 8, 1895, such land as is designated in the provisions and grant of article 6 of chapter 122 of the Revised Statutes of Missouri of 1899, as an act of the Legislature of Missouri, approved April 8, 1895, entitled, 'An Act to grant certain lake and river bed lands to the counties in which they are located for school purposes.' That under said act of the Legislature said lands became the lands of New Madrid county, Missouri, and that prior to the filing of plaintiff's petition herein defendant purchased said land from said New Madrid county and obtained from said county a patent therefor from said county and became the true and legal owner of said lands in fee simple; that all of said

facts were and are well known to said plaintiff herein, and that on the —— day of ——, 1903, after said lands had been by the county court of New Madrid county sold to this defendant, this plaintiff made application to the county court of New Madrid county, Missouri, to and for the purchase of said lands from said county, and that by said act and his pleadings herein said plaintiff is now and ought to be estopped from setting up title to said land. Defendant says that he is the true and legal owner of all of said lands in plaintiff's petition described, seized in fee of said lands, and prays judgment.''

The reply was a general denial of the new matter stated in the answer.

When the case was called for trial, the defendant made formal demand for a trial by jury, which demand was by the court refused, and the defendant duly excepted to the action of the court in so refusing.

The witnesses were numerous and the evidence is voluminous, covering about one hundred and fifty pages. That for the plaintiff tended to prove that he was the owner in fee simple of certain lands situate on the Missouri side of the Mississippi river, in New Madrid county, and that the lands in suit were accretions to his said shore lands.

The defendant's evidence tended to prove the allegations of his answer—that the lands in controversy had recently accreted to an island which had existed in the Mississippi river for several years prior, and that he purchased them from the county of New Madrid, and received a patent therefor prior to the institution of this suit.

The defendant requested and the court made a special finding of facts, which, omitting formal parts, is as follows:

''Now again come the parties in the above styled cause, which was at the September term, 1904, of this

court taken under advisement until this term of court, and the court being now sufficiently advised what judgment to render, doth find:

"That at the time of the institution of this suit and for a great number of years prior thereto the plaintiff was the owner of the following described real estate lying and being in the county of New Madrid and State of Missouri, to-wit: the northeast quarter of northeast quarter and west half of the northeast quarter and the southwest fractional quarter and 51.54 acres off of the south side of the northwest fractional quarter of section 35, township 21, range 15.

"The court further finds that the southwest fractional quarter and the 51.54 acre tract in the northwest fractional quarter above described abut on the Missouri shore of the Mississippi river.

"The court further finds that there has been accreted to said lands and within the extension of the lines thereof the following:

"Commencing at the southeast corner of the northeast quarter of the southwest quarter of section five, township twenty-one, range fifteen; thence south to Winchester Chute, thence west with said Chute to what is known as Dry Chute; thence north to a line even with north line of said Albert Lee's farm, which is a dividing line between the northwest quarter of section five, township twenty-one, range fifteen; thence east on said line to the northwest corner of the said Albert Lee's farm on Donaldson's Point, in New Madrid county, Missouri.

"The court further finds that said accretion consists of a gradual and imperceptible addition to plaintiff's river front, and that the same was built from the shore or plaintiff's river front into the waters of the Mississippi river and was continuous.

"The court further finds that by reason of the facts as hereinbefore found the plaintiff is the owner

of the real estate herein described as an accretion to his original property.''

The court overruled defendant's exceptions to the special finding of facts, to which ruling the defendant duly excepted.

The court then entered the following judgment and decree:

. ''Wherefore, it is ordered, adjudged and decreed that the title to the land described as follows: Commencing at the southeast corner of the northwest quarter of the southwest quarter of section five, township twenty-one, range fifteen; thence south to Winchester Chute; thence west with said Chute to what is known as Dry Chute; thence north to a line even with the north line of the said Albert Lee farm, which is a dividing line between the northwest quarter of section five, township twenty-one, range fifteen; thence east on said line to the northwest corner of said Albert Lee farm on Donaldson's Point in New Madrid county, Missouri, be and the same is in the plaintiff and that the defendant has no title or interest therein. It is further adjudged that plaintiff have and recover of and from defendant his costs in this proceeding expended, and that execution issue therefor.''

Defendant in due time filed and the court overruled his motion for a new trial, to which ruling defendant duly excepted, and appealed to this court.

I.   The first insistence of appellant is that the action of the trial court in refusing him a trial by jury was error.

So far as I am aware, this court has never passed directly upon the question as to whether or not the parties to a suit based upon section 650, Revised Statutes 1899, are entitled to a jury.

In order to properly determine that question we must first ascertain the nature of the issues joined and the remedy the parties are entitled to under the plead-

ings. If the issues joined entitle the parties to an ordinary judgment at law, then, under the Constitution and the laws of the State, the parties are entitled to a trial by a jury; but if the issues tendered are equitable in their nature and call for equitable relief, then the cause is triable before the chancellor.

Section 28 of article 2 of the Constitution of 1875 provides that "The right of trial by jury, as heretofore enjoyed, shall remain inviolate." This court, in the case of State v. Bockstruck, 136 Mo. l. c. 358, held that the constitutional guaranty of "the right of trial by jury as heretofore enjoyed" has reference to the status of that right as it existed at the time of the adoption of the Constitution. And this court, in the case of State ex rel. v. Withrow, 133 Mo. l. c. 519, held that said section 28 "means that all the substantial incidents and consequences which pertained to the right of trial by jury are beyond the reach of hostile legislation, and are preserved in their ancient substantial extent as existed at common law."

In order to determine whether the case at bar comes within the meaning of that section of the Constitution as interpreted by those adjudications, we must first determine what the issue tendered by the pleadings is, and, after doing so, we must then ascertain how that issue was triable before the adoption of that constitutional provision; if by jury, then either party is entitled to a trial of that issue by a jury regardless of any statutory provision; but if it was not triable by jury prior to that time, then the Constitution does not govern, and we would then look to the statutes and the common law for a rule by which to solve the question.

We will first determine the nature of the issue presented by the pleadings. The petition charges that the plaintiff is the owner of the land described therein, and that defendant claims some interest or estate

therein, the nature of which is unknown to plaintiff, except that it is adverse and prejudicial to his interests. The answer denies the allegations of plaintiff's ownership, and alleges that the lands are accretions; that plaintiff claims that they accreted to his patent land on the Missouri side of the Mississippi river; that he claims and charges the fact to be that they are accretions to an island formed and located in the Mississippi river; that under an act approved April 8, 1895, the title to such lands vested in the county for the use of the public schools; and that he purchased them from the county of New Madrid. When reduced to its final analysis, the issue is plainly one of accretion —that is, was the land in question accreted and added to the shore line of plaintiff's land, by gradual and imperceptible alluvial deposits, or was it added by that means to the lands of the island? If to the former, then the title is in plaintiff as charged in his petition; but if to the latter, then they belong to the defendant. That is the sole and only question presented by the pleadings; and that was the finding and judgment of the trial court.

Having determined that the issue is one of accretion, we will now ascertain in what manner that issue was triable at common law and under the statute of this State prior to the adoption of the constitutional provision. I have been unable to find a case in this State where that precise question has been decided, yet by an examination of numerous cases, which fill our reports, involving the question of accretion, I find that they were invariably tried before a jury, except in a few cases where a jury was waived. In addition to that, I might add that during the thirty years I have been practicing law and occupying the bench, I have never seen or heard of a case in which it was contended that the question of accretion was not triable by a jury. Clearly that was the practice prior to

the passage of section 650, Revised Statutes 1899, which was enacted in the year 1897. All suits in this State prior to .that enactment. involving questions of accretion were possessory actions, and were for the recovery of specific real property. In fact, without that section, I know of no way in which the question of accretion could be tried, except by ejectment, which has always been triable by jury, excepting, of course, those cases where the answer set up an equitable defense and cross-bill and asked for affirmative relief, which were and are triable before the chancellor without the aid of a jury. If it be true that prior to the adoption of the constitutional provision mentioned the question of accretion was triable alone in some action involving the recovery of the specific land accreted, then under the express provisions of section 691, Revised Statutes 1899, which was enacted long prior to the adoption of the Constitution of 1875, the issue was triable by a jury. That section of the statute provides that, "An issue of fact in an action for the recovery . . . of specific real or personal property must be tried by a jury," etc.

From these observations it seems to be clear that the question of title by accretion was one triable by a jury prior to the adoption of said section 28 of the Constitution; and, consequently, in obedience to its mandate, any action involving that issue must still be triable by a jury regardless of any subsequent legislation upon the subject.

We are, therefore, of the opinion the court erred in refusing defendant a trial by a jury.

II. It is next insisted by appellant that the special finding of facts made by the court is not supported by the evidence, and that it is against the weight of the evidence:

We have carefully read all the evidence, and, after due consideration thereof, we are unable to lend our

concurrence to that insistence. As decided in paragraph one of this opinion, this is an action at law, and the rule in such cases is, that where there is substantial evidence introduced which sustains the verdict of the jury, or the findings of the court, this court will not interfere.

In the case of Brecker v. Fillingham, 209 Mo. l. c. 583, in discussing the same question, this language was used: "It is not for this court to pass upon the weight of the evidence; that is within the province of the triers of the facts. Where the evidence introduced is conflicting, the jury or the trial court are the sole judges of the credibility of the witnesses and the weight to be given to their testimony; and this court will not usurp their prerogative by saying which side has the preponderance of the evidence. Their finding is conclusive upon this court." [Citing Culbertson v. Hill, 87 Mo. 553; Dobbins v. Humphreys, 171 Mo. 198-202; Weller v. Wagner, 181 Mo. 151.]

III. Defendant offered to prove that prior to the bringing of this suit, plaintiff offered to purchase the land in question from the county court, and made a written application to do so. The court excluded the offer, and defendant duly excepted.

We are of the opinion that the action of the court in excluding that evidence was error. The evidence should have been admitted for the purpose of affecting his credibility. He testified that the land in suit was accretions to his land, and, consequently, if that was true, he must have owned it at that time; and if he owned it, the question might, with propriety, be asked, why did he wish to purchase it from the county? We are of the opinion that the evidence offered should go to the jury, and be by it considered as a fact or circumstance in considering what weight they should give to his testimony.

We are, therefore, of the opinion that the judgment should be reversed and the cause remanded for a new trial. It is so ordered.

All concur, except *Valliant, P. J.,* absent.