DOROTHY C. HEINRICH, Appellant, v. SOUTH SIDE NATIONAL BANK IN ST. LOUIS, Respondent.

STATE OF MISSOURI at the Relation of DOROTHY C. HEINRICH, Relator, v. MICHAEL J. SCOTT, Judge of the St. Louis Circuit Court, Respondent, Nos. 42830 and 42971—250 S. W. (2d) 345.

Court en Banc, July 14, 1952.

Neuhoff, Tremayne & Schaeffer, Bertram W. Tremayne, Jr., and Ralph R. Neuhoff, Jr., for appellant-plaintiff.

221

*Edward C. Schneider* and *Harry A. Frank* for respondents.

HYDE, J.—Plaintiff sued defendant bank (hereinafter called defendant) for $8121.06 to which she claimed to be entitled as survivor of joint accounts with her mother who died January 5, 1951. Plaintiff was also administratrix of her mother's estate. Defendant filed answer and interpleader alleging the accounts were

established on December 27, 1950, from plaintiff's mother's accounts when she "was mortally ill and only as a convenience for paying bills" incurred for her medical attention and not as a gift to plaintiff. Thus defendant's position was that the money belonged to the estate of plaintiff's mother. (See Ballman v. Kaimann, 360 Mo. 544, 229 S. W. (2d) 527.) Plaintiff claims under Section 362.470 (statutory references are to RSMo 1949 and VAMS); See Commerce Trust Co. v. Watts, 360 Mo. 971, 231 S. W. (2d) 817. Defendant's interpleader was sustained and other parties, who were beneficiaries under plaintiff's mother's will, ordered brought in; and plaintiff has appealed.

Defendant contends there is no appealable order in the case and that plaintiff's appeal should be dismissed. We think this contention must be sustained. Before defendant's interpleader was ruled on, plaintiff filed a motion to strike which was overruled. One ground of this motion was that defendant was not a mere stakeholder but was an interested party as trustee for plaintiff's minor daughter, one of the beneficiaries under plaintiff's mother's will. The [347] judgment entered June 5, 1951 was as follows: "Now at this day comes plaintiff, by attorney, comes also defendant, by attorney; thereupon the hearing on defendant's bill of interpleader progresses before the Court upon the pleadings, evidence and proof adduced, and the Court having heard and duly considered the same, doth find that defendant's bill is a proper bill of interpleader, and doth sustain the same, and doth order that writs of summons issue herein on the answer and bill of interpleader for defendants Dorothy Heinrich, Administratrix C.T.A.D.B.N. of the Estate of Clara Koenig, deceased, Carolyn June Heinrich, a minor, and the Lutheran Church-Missouri Synod, a corporation, directed to the Sheriff of the City of St. Louis, Missouri, returnable according to law." However, the transcript filed herein shows that no evidence was offered at the hearing of June 5, 1951. Thereafter, plaintiff filed a motion to set aside judgment and decree and to enter judgment and decree dismissing interpleader or to grant plaintiff a new trial, which was overruled.

Plaintiff's notice of appeal also specified the two orders overruling her motions but, of course, these are clearly not appealable orders. Plaintiff relies on Lafayette-South Side Bank & Trust Co. v. Siefert, 223 Mo. App. 431, 18 S. W. (2d) 572, in support of her contention that the order of June 5, 1951 (hereinabove set out in full) is an appealable judgment. However, in that case, the Court made an order "sustaining the bill of interpleader and ordered plaintiff to pay into the registry of the court the sum of $2,000, plus interest thereon, less $200 attorney's fee allowed the plaintiff, and ordered that thereupon the plaintiff stand discharged from further liability." The bank did comply with this order; and the Court, in holding that this order was appealable, said: "As we view the situation, an action of this character really involves two actions or litigations, one between the

plaintiff and all the defendants as to whether they shall be required to interplead for the fund, and the other an action between the defendants, if the plaintiff's petition to require them to interplead is sustained. * * * 'The subjects of these two litigations are wholly separate and distinct, and therefore require separate and distinct allegations and proofs. In such case the only decree that plaintiffs can have is that the defendants do interplead. When this is obtained, the plaintiff is altogether out of the suit, leaving the interpleading defendants alone to contest their conflicting claims. After the withdrawal of the plaintiff from the case, the controversy is then solely and exclusively carried on between the interpleaders claiming the fund.' '' The judgment in that case was appealable because it did discharge the plaintiff "altogether out of the suit."

The situation here is very different. The order of June 5, 1951, did not order defendant to pay the money into court and said nothing about defendant being discharged. It indicated no intention for defendant to be "altogether out of the suit", leaving the plaintiff and the other parties brought in solely and exclusively to contest conflicting claims. In a true interpleader, "if it appears by pleading and proof that a bill of interpleader is properly filed, a decree should be made dismissing the plaintiff with costs, upon the depositing by him of the fund or thing in dispute into court." (30 Am. Jur. 231, Sec. 24.) Defendant's interpleader was brought under Section 362.360, and did not ask that the money be paid into court so that defendant could "be struck out as a party to the action and its liability for such deposit shall cease" as authorized by this statute. Defendant preferred to keep the money until the Court determined the rights of all parties thereto (as also authorized thereby) and asked the Court then to order defendant to pay the money direct to the persons whom it found entitled to it. Thus defendant did not ask for a final judgment as to its liability at that stage of the case but instead asked to be relieved only at the end of the case. Perhaps defendant wanted to remain in the case because, as plaintiff alleged, it was trustee under plaintiff's mother's will for plaintiff's minor daughter who took one-half of her grandmother's estate. The allegations of its answer and interpleader seem intended to oppose plaintiff's claim for payment of the money to her, rather than [348] merely to be relieved of its own liability. For a true stakeholder, seeking only to be immediately relieved of liability, "an attitude of perfect disinterestedness, excluding even an indirect interest, on the part of the plaintiff is indispensable to the maintenance of the bill, and his position must be one of 'continuous impartiality', except that the thing in his possession shall be awarded to the right party." (30 Am. Jur. 220, Sec. 10; 48 C. J. S. 55, Sec. 16; Annotation 144 A. L. R. 1175; Cobb v. George F. Mosher Real Estate Co., Mo. App., 257 S. W. 151, l. c. 155; Brown v. Curtin, 330 Mo. 1156, 52 S. W. (2d)

387.) Defendant herein seems to have at least an indirect interest in the money going to the estate of plaintiff's mother rather than to plaintiff.

It is true that our statutory interpleader, both under Section 362.360 and Section 507.060, is broader than the former equitable remedy. (The latter section permits interpleader by a party claiming ''he is not liable in whole or in part to any or all of the claimants.'') However, our conclusion is that there can still be no final judgment at the interpleader stage of the case unless the interpleader as a stakeholder pays the money into court and is discharged from the case, leaving the interpleaders to litigate for it between themselves. (See Lebanon Bank & Trust Co. v. Granstaff, Tenn., 141 S. W. (2d) 924, 925; Barr v. Snyder, 358 Mo. 1189, 219 S. W. (2d) 305.) The order in this case seems to be the same in effect as that in Harrison v. Scott, 72 Mo. App. 658, where an appeal was dismissed because the order appealed from only directed summons to issue against certain parties to interplead. In that case, the Court said: ''the rights of no party to the suit are adjudicated by the order; no one is discharged from the suit.'' We think that is true here and rule that the order of June 5, 1951 was not an appealable order.

This makes the prohibition case moot because the effect of the order of June 5, 1951 was substantially the same as the Court attempted to make it by its later nunc pro tunc order. The purpose of the prohibition was to prevent the Court from proceeding with the case as though no bill of interpleader had been adjudicated to let defendant out of the case. Our ruling is that defendant has not been let out of the case but that the only effect of the order of June 5, 1951 was to bring in new parties as defendants. The question of whether defendant is entitled to be let out of the case, as a mere stakeholder, or whether it has an interest to be adjudicated therein, is yet to be decided. It cannot be decided in this proceeding because it will depend upon evidence, unless there is an agreed statement of facts or admissions of essential facts in the pleadings. This appears to be a case in which a pre-trial conference could save much time for the parties and the courts.

Plaintiff's appeal is dismissed and our rule in prohibition is discharged. All concur.