PLAZA EXPRESS COMPANY, INC., a Corporation, and N. R. YARYAN, Plaintiffs-Appellants, v. RANDEL GALLOWAY, Administrator of the Estate of BERT GALLOWAY, Deceased, and LOLA E. GALLOWAY, Defendants-Respondents, No. 43939—280 S. W. (2d) 17.

Court en Banc, June 13, 1955.

*William E. Kemp, Thomas J. Wheatley* and *James P. Tierney* for plaintiffs-appellants; *Kemp, Koontz, Clagett & Norquist* of counsel.

168

*Clay C. Rogers* and *James W. Benjamin* for respondents; *Sylvan Bruner* and *Rogers, Field & Gentry* of counsel.

[20]  DALTON, J.—The appeal of this cause was first heard in Division Number One of this court and an opinion was prepared and adopted. Subsequently, the cause was transferred to Court en Banc where it was re-argued and reassigned. We shall without quotation marks adopt a considerable portion of the prior opinion prepared by Coil, C.

Defendants-respondents' motion to dismiss plaintiffs-appellants' "bill in the nature of a bill of interpleader" was sustained on the ground that no claim had been stated within the provisions of Section 507.060. (All section references are to RSMo 1949 V.A.M.S.) Plaintiffs appealed from the final judgment of dismissal.

Plaintiffs' bill alleged in substance that: In April 1952 Bert Galloway brought an action for $20,000 damages for alleged personal injuries sustained by him in June 1951 due to the alleged negligence of defendants, Plaza Express Company, Inc., a corporation, and its employee, N. R. Yaryan; Bert Galloway died in October 1952; in November 1952 Lola E. Galloway, Bert's widow, brought an action against the same two defendants, Plaza Express Company and Yaryan, for $15,000 for Bert's wrongful death, alleging that the injuries sustained by Bert Galloway in the same June 1951 accident resulted in his death; on January 2, 1953, pursuant to his motion suggesting the death of Bert Galloway and moving for the substitution of himself as party-plaintiff, Randel E. Galloway, the duly appointed administrator of Bert Galloway's estate, was substituted; the action instituted by Bert Galloway during his lifetime survived to his personal representative only in the event that the alleged injuries did not result in Bert's death; the claims of the two plaintiffs are such that the plaintiffs (defendants in each of the above-mentioned suits) "are, or may be, exposed to double or multiple liability, in the absence of a prior determination of whether or not the death resulted from the injuries alleged" to have been sustained in the collision in June 1951; plaintiffs are not liable in whole or in part to either of the plaintiffs in the two suits. Attached to the bill were Bert Galloway's original petition, the order substituting his administrator as party-plaintiff, and the petition of Lola E. Galloway.

The prayer for relief was that defendants in this suit (plaintiffs in the respective suits mentioned) "be required to interplead and have adjudicated the issue whether the alleged negligently-caused personal injuries sustained by Bert Galloway did or did not result in his death"; and that the defendants be restrained from prosecuting their respective suits in which they are plaintiffs until final judgment in the instant proceeding; and for other relief.

If the relief sought were granted, its effect would require the dismissal or other termination of either the administrator's or the widow's action. Thus the value of the denial of relief to each defendant in the instant action is at least $15,000.

Section 507.060 provides: "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions

of this section supplement and do not in any way limit the joinder of parties permitted in section 507.040.''

The quoted language is clear and unambiguous. It requires no construction. The sole question, then, is whether plaintiffs have stated facts authorizing the relief provided for in the statute. As we read the [21] plain language of this statute, there are only two vital facts which must appear from the averments in plaintiffs' statement of their claim. These are that persons have claims against plaintiffs, and that those claims are of such nature that plaintiffs may be exposed to ''double liability.'' Obviously, ''double liability'' means ''exposed to double recovery for a single liability.'' The other pertinent parts of the statute eliminate the necessity for the existence of facts and conditions, the existence of which was formerly necessary to the maintenance of equitable interpleader or of bills in the nature of interpleader. Thus is eliminated the necessity that the same thing, debt, or duty be claimed by each of the parties against whom relief is sought. This, because the section provides that the claims need not be identical. So, also, it is not necessary that the claims of the parties be dependent or derived from a common source because the section specifically provides that the claims may be independent of one another and that they need not have a common origin. And it is not necessary that a plaintiff, in order to use the machinery of the section, have no claim or interest in the subject matter or that he stand perfectly indifferently between the claimants in the position of a stakeholder. This, because the section provides that one seeking relief may deny liability to any or all of the claimants. Thus, while it is clear that the equitable remedies of interpleader and of bills in the nature of interpleader are encompassed within the provisions of Section 507.060, it seems equally clear that the terms of the section materially modify and extend those remedies as heretofore recognized in this state.

Now there can be no doubt that instant defendants do have claims against present plaintiffs. One claim is for $20,000 and the other for $15,000 damages. The sole remaining question, then, is whether, under the facts stated in their bill, plaintiffs may be, in fact, subject to two recoveries for a single liability, for which single liability they are legally subject to only one recovery.

Defendants-respondents say ''the fact remains that there is no double liability for the same obligation possible in the circumstances in the instant case inasmuch as there can be no liability for the same obligation''; that one is an obligation which if proved is owed originally to the person injured and after death to his personal representative for his injuries; that the other is an obligation owed to the widow if facts are proved which show that the respondents wrongfully caused the death of Bert Galloway; and that the amounts involved are different, the claims of damages are different and the obligations them-

selves cannot conceivably be the same. Defendants-respondents further contend that their respective claims are not adverse to each other even though the proof of an essential fact necessary to a recovery by one of the claimants necessarily disproves an essential fact necessary to a recovery by the other claimant; ''and that the mere fact that a similar essential fact element is involved in two or more suits or that the plaintiffs in one suit must prove the opposite of what the plaintiff in another suit must show in order to recover, does not allow the defendant to join all of the plaintiffs in the various suits in a single 'interpleader' action.''

Section 537.020 provides in pertinent part that ''Causes of action for personal injuries, *other than those resulting in death,*  *  *  * shall survive to the personal representative of such injured party,  *  *  *.'' (Emphasis ours.)

Section 537.080 provides in pertinent part that *''Whenever the death of a person shall be caused by a wrongful act,* negligent or default of another  *  *  * the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages,  *  *  *.'' (Emphasis ours.)

Sections 537.070 and 537.090 provide that the widow or widower may, under the circumstances here existing, recover damages for such wrongful death not to exceed $15,000.

At common law an action for personal injuries did not survive the death of the injured party. Jordan v. St. Joseph Ry., Light, Heat & Power Co., 335 Mo. 319, [22] 330(5), 73 S.W. (2d) 205, 211(18-20); Cummins v. Kansas City Public Service Co., 334 Mo. 672, 677(1), 66 S.W. (2d) 920, 922(1, 2). An action for wrongful death was not cognizable at common law. Knorp v. Thompson, 352 Mo. 44, 53, 175 S.W. (2d) 889, 895(6, 7). Thus only by virtue of Section 537.020 may an action for personal injuries survive to the personal representative of deceased. And this action survives only if the injury to the deceased did not result in his death. Likewise, it is solely by virtue of the wrongful death statutes above that any claim or cause of action accrues to a widow or other person named in Section 537.070. Allen v. Dunham, 188 Mo. App. 193, 201, 175 S.W. 135, 137; Jordan v. St. Joseph Ry., Light, Heat & Power Co., supra, 73 S.W. (2d) 212.

It follows that, at the instant of Bert Galloway's death, a claim for damages for the personal injuries he received in the June 1951 collision between his automobile and defendants' truck survived to his administrator if, but only if, the injuries received as a result of the collision *did not* result in Bert Galloway's death. It also follows that a claim or cause of action for Bert Galloway's wrongful death accrued to his widow if, but only if, those same injuries received at the same time *did* result in Bert Galloway's death. There was at this death only one claim in existence. It was either the same claim for damages which Bert Galloway had in his lifetime or it was a new claim which

accrued to his widow upon his death. Both claims·could not and did not exist. Which of the two did exist depends upon a determination of the fact issue of whether the injuries Bert Galloway received did or did not cause his death.

But both the instant defendants (plaintiffs in the two damage actions) could, as they did, *assert* their respective claims. An essential element of the administrator's claim, one which he must allege and prove, is that the injuries sustained by deceased did not result in deceased's death. (We note that the averment that the injuries did not result in his death is not contained in the administrator's petition—but such omission is not decisive of any question here presented.) An essential element of the widow's claim which she must allege and prove is that the injuries sustained by deceased did result in his death. Adelsberger v. Sheehy, 336 Mo. 497, 501, 502, 79 S.W. (2d) 109, 111(1-3), (4). Both the administrator and the widow are (unless plaintiffs may obtain relief in their present action) entitled to proceed with their respective separate claims and, not only may each separately proceed but, unless a judgment for plaintiff in either of those actions would be res judicata of the other action, each may recover and be entitled to have satisfied his or her separate judgment.

■ Before examining the precise question of res judicata as presented by instant facts, we point out that the widow and the administrator are here different persons. We therefore do not reach or decide the question of whether a widow or an administratrix, if they were the same person, would be bound by the litigation of and the determination in either action of the fact issue of whether death did or did not result from the injuries. (See Downs v. United Rys. Co. of St. Louis (Mo. Sup.), 184 S. W. 995, 997(4), wherein the widow and the administratrix were the same person and wherein it was held that a judgment for defendant in an action by the administratrix did not bar her action as widow for wrongful death. While the basis for this decision does not appear to take into account the matter here suggested, nevertheless, we point out that where there is a judgment for defendant in either a suit by an administratrix or by a widow, it cannot be discerned under our general verdict system whether such judgment for defendant was based upon a finding on the negligence issues or upon a determination of the question of whether the injuries did or did not result in death.) We also should make clear that we do not reach the question or decide whether the widow or administrator would be bound by a judgment in an action by either, even where they were different persons, where the widow or other person or persons who brought the wrongful death action under Section [23] 537.070 is or are the sole beneficiaries of the two actions; in other words, a situation wherein the beneficiary or beneficiaries of the two actions are the same person or persons. See: Rest., Judgments, Ch. 4, § 92 (2), p. 455. (We note, incidentally, that instant plaintiffs' statement

of their claim does not aver facts excluding the possibility that the widow is the sole beneficiary of her deceased husband's estate. However, inasmuch as defendants have not raised that issue, we think it proper, under the circumstances of the instant case, to assume that the sole beneficiary of the two actions is not the same person.)

We therefore treat instant facts as presenting a situation wherein the widow and the administrator are different persons and the beneficiary of the two actions is not the same person. Under these facts, we are aware of no principle, and none has been pointed out, in the doctrine of res judicata by which a judgment in either of the pending damage actions would bar the other, or by which either party-plaintiff would be estopped by a verdict or judgment in the other case as to any fact issue litigated in such other case. Specifically, if the widow recovered a judgment in her action, or if the administrator recovered a judgment in his action, even though the fact issue in each action as to whether deceased's injuries did or did not result in his death would have been litigated and determined, the judgment in neither action would bar the maintenance of the other, nor would the widow or the administrator be bound in her or his respective action by the determination of such fact issue in the other action. This, because the widow and administrator are different persons and are not in privity with each other. Their interests are necessarily adverse. Whether res judicata is based upon a former adjudication of the same cause of action or upon a former adjudication of a fact issue in a different cause of action, a basic requirement is that the parties in order to be bound must be the *same* parties. Kimpton v. Spellman, 351 Mo. 674, 681(2), 173 S. W. (2d) 886, 891(3-7) ; Rest., Judgments, supra.

We must conclude, therefore, that instant plaintiffs "may be exposed to double * * * liability" within the meaning of Section 507.060. This, in turn, requires us to further conclude that plaintiffs' averments state a claim within the specific provisions of Section 507.060 and that they are entitled to the relief contemplated by that section.

Defendants argue that plaintiffs do not state a claim under Section 507.060 because (1) there is no definite fund or other property, (2) there is no offer to pay a fund into court, (3) defendants each have a right to a separate jury trial as to the fact issue of whether the injuries resulted in deceased's death, and (4) there is no possible double or multiple liability.

Contentions (1) and (2) are apparently based upon the premise that Section 507.060 does not materially broaden the scope of interpleader as interpleader has heretofore been recognized in equity. However, Section 507.060 does not require that there be in existence a definite fund or other property. In fact, the section does not mention a fund or other specific property. Its provision that "persons having

claims against the plaintiff'' does not limit, nor purport to limit, such claims to claims to a definite fund or to other specific property. And the language of the statute negatives any idea that a fund or other property need be deposited in court or that any offer to do so need be made. This, because the statute says that the plaintiff may deny that he is liable to any of those who have claims against him. As we understand defendants' argument, it must run thus: Even though Section 507.060 has by specific language abolished the necessity for the existence of facts which were essential to the maintenance of equitable interpleader or a bill in the nature of interpleader, nevertheless, because the statute deals with interpleader, it must therefore be construed as requiring the existence of at least some of the specifically abolished requirements.

The Kansas City Court of Appeals in John A. Moore & Co. v. McConkey, [24] 240 Mo. App. 198, 204, 203 S.W. (2d) 512, 515(6), in dealing with said statute said: ''The first sentence of the quoted statute prescribes virtually the sole test of whether or not a bill of interpleader will lie. The statute does not destroy or change the nature of the remedy of interpleader as recognized in equity; it merely broadens its scope. 1 Carr Missouri Civil Procedure, p. 163; 4 Pomeroy's Eq. Jurisprudence, 5th Ed., Symons 902, 922. It is purely a procedural statute.'' And at 515(8) it is further said: ''The statute does not create an action; it merely regulates and liberalizes the procedure to be followed in the ancient equitable action of interpleader.'' In Barr v. Snyder, 358 Mo. 1189, 219 S.W. (2d) 305, this court cited the Moore case and other authorities to support the statement that the statute ''extends the scope of bills of interpleader and bills in the nature of a bill of interpleader.'' 219 S.W. (2d) 305, 308(1, 2).

We agree that the statute was intended to and did extend the remedy of interpleader, as heretofore recognized by the decisions of the courts of this state in actions referred to as equitable interpleader or in the nature of interpleader, to include another form of personal property referred to in the statute as ''claims.'' And in this connection, it is expressly provided by said Section 507.060, as follows: ''* * *. It is not ground for objection to the joinder that the claims of the several claimants or the title on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. * * *.'' In this case one defendant has a claim for $20,000 against the plaintiffs and the other has a claim for $15,000. Both claims are against the same parties on account of the same injuries, which are alleged to have been caused by the negligence of the plaintiffs herein. On the facts alleged we have held that the instant plaintiffs ''may be exposed to double liability.'' Which of the two defendants is entitled to

prevail and recover against plaintiffs depends, as stated, on whether or not the alleged injuries produced death. It follows, we believe, that contentions (1) and (2) supra, do not support the trial court's action in sustaining defendants-respondents' motion to dismiss.

As to contention (3) that the defendants each have a constitutional right to a separate jury trial as to the fact issue of whether the injuries resulted in deceased's death: In support of this contention defendants-respondents cite Art. I, Sec. 22(a) Constitution of Missouri 1945, providing ("that the right of trial by jury as heretofore enjoyed shall remain inviolate"); Sections 510.180 and 510.190 RSMo 1949 (as to consolidation of actions, separate trials and waiver of the right of trial by jury); Lee v. Conran, 213 Mo. 404, 111 S.W. 1151; Citizens' Trust Co. v. Going, 288 Mo. 505, 232 S.W. 996.

Of course both of the pending actions instituted by the respective defendants are actions at law, but the present action entitled "bill in the nature of a bill of interpleader" upon its face purports to state an action in equity and prays affirmative relief which only a court in equity has jurisdiction to grant. The rule as to the right of jury trial is stated in Lee v. Conran, supra, 213 Mo. 404, 412, as follows: "If the issues joined entitle the parties to an ordinary judgment at law, then, under the Constitution and the laws of the State, the parties are entitled to a trial by a jury; but if the issues tendered are equitable in their nature and call for equitable relief, then the cause is triable before the chancellor."

As hereinbefore stated, plaintiffs prayed not only that defendants be required to interplead and have adjudicated the issue as to whether the personal injuries sustained did or did not result in Galloway's death, but also that defendants be restrained from prosecuting their respective actions [25] until final judgment in the instant proceeding and for other relief. Plaintiffs-appellants not only insist that their petition states a claim upon which relief may be granted under Section 507.060, but that the action is a proceeding in equity and they refer to their petition as a "bill in the nature of a bill in equity." While they say: "The instant action is an entirely statutory proceeding brought under a provision which in express language abolishes most of the old common law restrictions on equitable interpleader actions," they insist that the case should be decided "according to the principles considered applicable to interpleaders," but as modified and enlarged by Section 507.060. Heinrich v. South Side Nat. Bank in St. Louis, 363 Mo. 220, 250 S.W. (2d) 345, 348; Buerger v. Costello, 240 Mo. App. 1194, 226 S.W. (2d) 610, 611; Standard Surety and Casualty Co. v. Baker, 105 F. (2d) 578; 1 Carr, Missouri Civil Procedure, 162, Sec. 67. We hold that the proceeding is an equitable one, the object of which is not to protect a party against a double liability, but to protect against a double vexation in respect to one liability. Barr v. Snyder, supra; Heinrich v. South Side Nat. Bank in St. Louis, supra. Defendants

therefore are not entitled to a jury trial in this proceeding. State ex rel. Duggan v. Kirkwood, 357 Mo. 325, 208 S.W. (2d) 257, 262.

Defendants' contention (4) has heretofore been disposed of by our holding that plaintiff may in fact be exposed to double liability within the meaning of Section 507.060.

It necessarily follows from what has been said and held supra that the trial court erred in sustaining the motion to dismiss and that the judgment must be reversed and the cause remanded.

While the order of reversal and remand disposes of the appeal, perhaps a further statement should be added. We have noted that plaintiffs asked that defendants be required to interplead and to have adjudicated the single issue as to whether the injuries sustained by Bert Galloway did or did not result in his death. Plaintiffs also asked "for such further relief in the premises as the court may deem equitable and just in the premises." We are of the opinion that, while plaintiffs are entitled to relief under Section 507.060, the statute does not contemplate, under the present facts, that the two defendants be required to interplead for the sole and limited purpose of adjudicating that single fact issue. Instead, we construe the petition as asking that defendants be required to interplead under the provisions of Section 507.060 for the purpose of determining who has and owns the claim arising from the alleged negligence of plaintiffs resulting in the injuries sustained by Bert Galloway on June 27, 1951. Who in fact owns the claim depends on whether plaintiffs' acts and the injuries resulting therefrom to Bert Galloway produced death. While the statute authorizes that the defendants be required to interplead their "claims", the decision as to who is entitled to proceed against the plaintiffs turns upon the question of fact, as mentioned. Under the statute in question, which extends the scope of bills of interpleader and bills in the nature of interpleader and regulates and liberalizes the procedure to be followed, the plaintiffs were authorized to seek affirmative equitable relief under the facts pleaded and, if such facts be established, to the relief, as stated. However, since plaintiffs affirmatively allege that they are not liable in whole or in part to either of the plaintiffs in the two pending actions, and since plaintiffs herein have asked affirmatively for the determination of the issue of fact as to whether the injuries did or did not result in death, the plaintiffs must remain parties in interest in this proceeding and be bound along with the defendants by the judicial determination of that issue. When the ownership of the claim or cause of action for the injuries, or the injury and death of Bert Galloway has been determined, the owner thereof may proceed therewith as an action at law in the court in which the claim is pending and the other claimant must be enjoined from proceeding [26] further with his or her claim. Equity having assumed jurisdiction for the purpose mentioned will

have exhausted its jurisdiction in granting the relief requested and authorized.

The judgment is reversed and the cause remanded. *Leedy*, C.J., *Hyde* and *Eager*, JJ., concur; *Hollingsworth*, J., dissents in separate opinion; *Westhues* and *Storckman*, JJ., dissent and concur in dissenting opinion of *Hollingsworth*, J.

HOLLINGSWORTH, J. (dissenting).—I respectfully dissent from that portion of the majority opinion which holds that defendants are not entitled to have a jury determine the fact issue as to which of the defendants has a claim against plaintiffs (which fact issue, of course, depends upon whether the injuries received by Bert Galloway in June, 1951, did or did not result in his death). My dissent is substantially for the reason stated by Coil, C., in the divisional opinion as follows: "The fact that the question of whether plaintiffs are entitled to have the defendants interplead may or may not be, in the first instance, a question involving an equitable issue, does not prevent the issues among the parties, after they have interpleaded, from being determined by a jury."

In view of the reasons assigned in the majority opinion for a contrary conclusion, I deem it desirable to more fully state my position.

The majority opinion holds, as I understand, that because plaintiffs' pleading was entitled a "bill in the nature of a bill of interpleader" and purported "to state an action in equity and prays affirmative relief which only a court in equity has jurisdiction to grant", therefore, defendants are not entitled to a jury trial "in this proceeding". It seems clear to me that the foregoing fails to distinguish "this proceeding" from the essentially separate "proceedings" to follow upon the determination that defendants are required to interplead. "This proceeding" may be equitable in nature, although its designation as a "bill in the nature of a bill of interpleader" and the fact that its prayer sought further equitable relief, would not necessarily convert a purely statutory right into an equitable right. But conceding for present purposes that "this proceeding" was equitable, the fact remains that the only *essential* purpose of "this proceeding" was to determine whether defendants should be required to interplead pursuant to the provisions of RSMo 1949, § 507.060, V.A.M.S. Now, the mere fact that plaintiffs' pleading sought some further relief, even assuming that this further relief could be granted only by a court of equity, surely does not mean that *any* "further equitable relief" need be granted. In an equity suit, the court grants only the relief which appears meet and proper under all the evidence; the court need not grant relief simply because a plaintiff asks for it. The decisive question must always be, to what relief are plaintiffs entitled under the evidence? It seems abundantly

clear to me that the only relief which need be granted and the only relief to which plaintiffs are entitled under Section 507.060 and the evidence is a judgment that the defendants interplead their actions. Whether or not that relief be called "equitable relief" is wholly unimportant. If it is equitable relief, then equity has fulfilled its sole essential function by adjudging the basic issue that defendants be required to interplead. The "equity" jurisdiction is then at an end if the chancellor decides that such relief is all the plaintiffs should have. What proceedings thereafter occur depend not in the slightest upon whether "this proceeding" (the petition for interpleader) was or was not equitable. Whether defendants are entitled to a jury trial in "this proceeding" is not the question. The question is whether after "this proceeding" (the adjudication that defendants interplead) has ended, defendants may have a jury determine [27] whether Bert Galloway's injuries did or did not result in his death. The answer to this question has no connection with whether the ended proceeding was or was not equitable; it depends solely upon whether the issue is or is not a fact issue. Clearly, it is a fact issue which a jury should determine.

Furthermore, even if it be conceded that the trial chancellor had *jurisdiction* and the *judicial power* to require the parties to try the disputed fact issue to the court without a jury, certainly this should never be done unless there is some principle of right and justice which compels that requirement. There is no principle of which I am aware that would compel a court, after having determined the one essential "equitable issue", to say that every other connected issue is thereby also equitable and that therefore the denial of a jury trial is compelled.

Thus far, I have assumed that plaintiffs' original pleading made the proceeding "equitable" in the first instance. But, I cannot agree that this proceeding was ever an equitable proceeding. It is a statutory proceeding. There is nothing in the statute (§ 507.060) which prohibits the issues arising after the order of interpleader from being determined by a jury. All the court should do is to determine whether defendants be required to interplead. If they should and are ordered to do so, the fact issues arising thereafter should be determined by a jury.

I would reverse and remand with directions to the trial court to enter a judgment requiring defendants to interplead their entire cases; directing that (in the absence of an agreement to waive a jury) the fact issue of whether Bert Galloway's injuries resulted in his death should be determined by a jury; and further directing that if it appears that prejudice would result to the successful party as to that issue by proceeding to have the same jury determine liability and, if so, damages, that a separate jury trial as to those issues be had.