Marie H. DONOHUE, Appellant,

v.

ST. LOUIS PUBLIC SERVICE COMPANY,
a Corporation, Respondent.

No. 49741.

Supreme Court of Missouri,

Division No. 2.

Dec. 9, 1963.

Motion for Rehearing or for Transfer to
Court En Banc Denied Jan. 13, 1964.

John E. Bardgett and Raymond B. Carleno, Clayton, for appellant.

Vernon Riehl, St. Louis, for defendant (respondent).

WESTHUES, Special Commissioner.

This is an appeal by Marie H. Donohue, plaintiff-appellant, from a judgment in favor of defendant-respondent, St. Louis Public Service Company, in a wrongful death action instituted by Mrs. Donohue for $25,000.

An abbreviated transcript was filed in the case which we find sufficient to present the one and only vital issue on this appeal. The ultimate question presented is the effect of a judgment or decree rendered by a court of equity in a proceeding authorized by Sec. 507.060, V.A.M.S. The respondent St. Louis Public Service Company filed an action asking that Marie H. Donohue personally and as executrix of her husband's estate be required to interplead in the case to determine which of two actions she should be permitted to prosecute: One, an

action for the wrongful death of her husband alleged to have been caused by personal injuries sustained when one of defendant's busses struck her husband; the other, an action for damages for personal injuries which her husband sustained in the same occurrence, which suit had been filed by her husband while living and which had been revived by Mrs. Donohue acting as executrix.

In the case filed by the St. Louis Public Service Company, wherein the court was asked to determine "which of said defendants shall be forever barred from further action against the St. Louis Public Service Company," the court entered a decree which read in part: "It is further ordered, adjudged and decreed that the said personal injury action, Cause No. 97807-D, Division No. 1 be and the same is forever barred costs assessed against defendant Marie H. Donohue as Executrix of the estate of Edgar R. Donohue."

Thereafter, Mrs. Donohue, as executrix of her husband's estate and with consent of the probate court, dismissed the damage suit which had been filed by her husband.

When the case for wrongful death came on for trial, the respondent St. Louis Public Service Company filed an answer wherein it denied that there was a causal connection between the injuries sustained and the death of Mr. Donohue. Appellant Mrs. Donohue filed a motion to strike that part of the answer. The trial court denied the motion. The cause was submitted to a jury to which the court give an instruction, No. 13, at respondent's request and over the objection of appellant. It reads:

"The Court instructs the jury that in regard to Instruction No. 2 even though you find that plaintiff's decedent was injured at the time of the occurrence mentioned in the evidence, yet if you find that plaintiff's decedent would have died of cancer when he did and that his death was not accelerated by such injuries, if any, then plaintiff cannot recover herein and your verdict must be for the defendant."

Appellant says that the question of whether there was a causal connection between the injuries and the death of Mr. Donohue was settled by the decree in the equity case; that, therefore, the trial court erred in not sustaining the motion to delete that defense from respondent's answer; further, that the giving of instruction No. 13 was error.

Respondent says that the fact issue of whether Edgar R. Donohue died as a result of the injuries sustained was not determined by the decree of the court in the equity action. Respondent cited as authority the cases of Plaza Express Company v. Galloway, 365 Mo. 166, 280 S.W.2d 17; Wallace v. Bounds, Mo., 369 S.W.2d 138; Harris v. Goggins, Mo.App., 363 S.W.2d 717; and Showen v. Metropolitan St. Ry. Co., 164 Mo.App., 41, 148 S.W. 135. The Showen case was later overruled in part. See Kohnle v. Paxton, 268 Mo. 463, 188 S.W. 155, 1. c. 156, and Heil v. Rule, 327 Mo. 84, 34 S.W.2d 90.

At the time the respondent St. Louis Public Service Company filed its petition in the nature of a bill of interpleader, there were, as noted supra, two actions pending against the respondent arising out of the same occurrence: One was filed by Edgar R. Donohue on January 25, 1957, to recover damages alleged to have been caused by the negligence of the respondent on November 2, 1956. When Edgar R. Donohue died, the action was revived. The other action was filed on June 7, 1957, by appellant, as the widow of Edgar R. Donohue, for wrongful death alleging that the injuries sustained in November, 1956, caused the death of Edgar R. Donohue.

In such circumstances, the respondent was in danger of being subjected to double liability. Plaza Express Company v. Galloway, 365 Mo. 166, 280 S.W.2d 17; Harris v. Goggins, St. Louis Court of Appeals, 363 S.W.2d 717, which case is now pending in the Supreme Court en Banc.

The situation was such that respondent was authorized by virtue of Sec. 507.060,

supra, to file an action in the nature of a bill of interpleader. The purpose of the petition was to compel the plaintiffs in the damage actions to interplead to the end that the court would determine which of the two plaintiffs would be permitted to prosecute his claim and which of the two would be barred from further proceedings with his action.

■ It is well settled that an action for personal injuries may be revived in case of plaintiff's death unless the death is the result of or is caused by the injuries for which the damage action was filed. The cases cited supra so hold. Furthermore, such is the provision of Sec. 537.020, V.A. M.S.

In the Plaza Express Company case, supra, this court en banc held that a defendant against whom two actions for damages arising out of the same occurrence are pending may file an interpleader suit to avoid double liability. In that case, it was the opinion of the court that in such a proceeding the questions of which action may be barred and which action may be prosecuted may be determined. The majority of the members of the court, in the majority opinion, held that the question of fact in such a case whether the death of the injured party was caused by the injury may be decided by the equity court without the aid of a jury. Three of the judges did not agree and Judge Hollingsworth wrote a dissenting opinion wherein he stated that the parties were entitled to have such a question of fact decided by a jury.

The situation in the Plaza Express Company case was identical to that in the case now before us. In each case, the injured party died. In each case, two suits for damages were filed against the party who had allegedly caused the injury: One for damages for personal injuries; the other, action for wrongful death. In such a case, the parties in interest as plaintiffs may not be and often are not the same. However, under the established law the action for personal injuries *does not survive* in case

the injured party dies as a result of the injury. If the injured party dies from other causes, *the action survives*. The question is, by what authority or under what circumstances may the action for personal injuries be barred from further prosecution? The answer is obvious. It is only upon a finding that the death of the injured party *was caused* by the injuries.

Sec. 507.060, supra, provides a remedy for a defendant to avoid double liability in such cases. The case of Harris v. Goggins, supra, is a case which illustrates how a defendant may be exposed to double liability unless the defendant institutes a proceeding authorized by Sec. 507.060, supra.

■ A decree by a court of equity barring the personal injury case from further prosecution must of necessity be based upon a finding that the injury caused the death of the injured party. If that be true, then the issue of fact has been determined and the decree is binding on both the plaintiff and the defendant. 50 C.J.S. Judgments § 712, pp. 168–182; Plaza Express Company v. Galloway, 365 Mo. 166, 280 S.W.2d 17, l. c. 25(14). Therefore, in the trial of the case for wrongful death the issue of whether the injury caused death should not be submitted to a jury.

■ Respondent St. Louis Public Service Company contends, and the record shows it to be a fact, that the court in the equity case entered the decree with the consent of all parties. Respondent says that this amounted to an election to abandon the personal damage action and to prosecute the death action; further, that therefore the appellant may not rely upon the decree in the equity case as a determination of the issue of whether the injury caused death. To this we cannot agree. Respondent St. Louis Public Service Company instituted the proceeding in the equity court for the very purpose of having that court say to one of the plaintiffs that further proceedings in his case were barred.

As we indicated supra, a personal injury action survives unless the injury caused death. Such an action may not be barred legally unless there is an adjudication that death was the result of the alleged injury. If it were otherwise, a defendant, as in this case, could by the equity action forever bar the personal injury action and then in the trial of the death case contend and have a jury find that death was in fact not caused by the injury. That would be leading the parties plaintiff into a trap. A defendant could thereby avoid liability for his negligence by inconsistent judgment. This should not be and we are of the opinion that it is not the law. It would permit a defendant to use the proceedings in equity as a weapon of avoiding total liability whereas the proceeding should be employed only in avoiding double liability.

Respondent cited the case of Wallace v. Bounds, supra, in support of its position. In the Wallace case, a single petition was filed in two counts: one count in damages for personal injuries; the other for wrongful death. This court held both actions could not be maintained and the defendant was entitled to require the plaintiff to elect. The case is not in point on the question before us.

The fact that the decree in the equity action was entered by consent of the parties makes it no less binding on all of the parties in the case. 49 C.J.S. Judgments § 178, pp. 314–317.

We are not ruling the question of what the effect of a decree in an equity action such as this would be if the court by its judgment had barred the death action and permitted the personal injury action to proceed. Our ruling is that the court in the equity action by its decree in barring the prosecution of the personal injury action necessarily found as a fact that the injury did cause death. Otherwise, the action for damages for personal injuries could not be legally barred.

The judgment of the trial court is hereby reversed and the cause remanded for further proceedings consistent with the views herein expressed.

It is so ordered.

PER CURIAM:

The foregoing opinion by WESTHUES, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.