**PRODUCTION CREDIT ASSOCIATION OF ST. LOUIS, Plaintiff–Respondent,**

**v.**

**Garland BERTRAM, Defendant–Appellant,**

**and**

**Thomas Burkemper, Defendant–Respondent.**

No. 57054.

Missouri Court of Appeals, Eastern District, Northern Division.

April 17, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 16, 1990.

Application to Transfer Denied June 19, 1990.

Charles R. Willis, St. Louis, for defendant-appellant Bertram.

Marion F. Wasinger, Hannibal, for defendant-respondent Burkemper.

Chase L. Hickman, Hannibal, for plaintiff-respondent Production Credit Ass'n.

KAROHL, Judge.

This case began when Production Credit Association of St. Louis (PCA) sued defendant Garland H. Bertram to recover money previously loaned to Bertram. The loan was made in exchange for a note and deed of trust on Bertram's real estate. All or part of the real estate was condemned in the Federal Court as part of the Cannon Dam Project. Bertram gave PCA additional security by a written assignment of his right to receive anticipated compensation in the condemnation proceeding. The present suit against Bertram was to enforce the assignment. Bertram retained attorney Thomas Burkemper and a St. Louis law firm to represent him in the condemnation case. PCA also sued Burkemper to enforce on "oral agreement" with Bertram and his attorney to forebear from foreclosing the deed of trust pending receipt of the condemnation proceeds.

Burkemper filed an answer, a cross-claim against defendant Bertram and a counter-claim against plaintiff PCA. The answer alleged the assignment occurred before Burkemper represented Bertram; that Bertram told an attorney for PCA the proceeds of the condemnation would be paid to PCA; that PCA and Bertram, through a new attorney, had both demanded a check for $61,484.43, payable to Bertram, which St. Louis co-counsel had mailed to Burkemper; and, that the petition failed to state a cause of action against Burkemper.

The cross-claim and counterclaim admitted Burkemper was co-counsel with a St. Louis law firm on behalf of Bertram. It alleged Burkemper had received a check

for $61,848.43 payable to Garland Bertram only. Both PCA and Bertram claimed a right to have the check. Burkemper claimed no interest in the check and requested an order of interpleader and discharge. Burkemper also requested a $2,000 attorney's fee for this case.

PCA accepted the interpleader and filed a reply. Defendant Bertram resisted it on the ground no "fund" was before the court because the money was in the bank account of the St. Louis law firm and not within the control of the court. The court ordered PCA and Bertram to interplead their claims and discharged Burkemper.

Ultimately, PCA and Bertram settled their dispute and PCA dismissed it's petition. The settlement was approved by the trial court. It allowed PCA to have the $61,848.43 check. However, by agreement a new check in the amount of $3500, payable to Bertram, written on the account of the St. Louis law firm was deposited with the clerk of the court.

Bertram now appeals an order granting defendant Thomas Burkemper an attorney's fee of $3300 for the interpleader. He also appeals an order that Garland Bertram endorse the $3500 check held by the clerk so that the clerk could satisfy the award of attorney's fees and costs.

■ "It is well settled that in a case where interpleader properly lies, the stakeholder is entitled to reasonable attorney's fees as part of his costs." *Northwestern National Insurance Company v. Mildenberger*, 359 S.W.2d 380, 387 (Mo.App.1962). Section 507.060 RSMo 1986 and counterpart Rule 52.07 provide for interpleader if the stakeholder:

is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the [stakeholder] avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim.

The averments of defendant Thomas Burkemper in the cross-claim, counterclaim satisfy the requirements of § 507.060 and Rule 52.07. He alleged possession of a check payable to his client, defendant Garland Bertram. He also alleged the existence of an assignment by Bertram of the funds represented by the check to PCA. In connection with representing Bertram in defense of a number of claims Burkemper, as attorney, participated in requesting a delay of foreclosure of PCA's note and deed of trust on the faith of compliance with the assignment. He was exposed to a claim by PCA. Although he denied any personal liability to PCA the possibility of competing claims of PCA and Bertram satisfied the requirements of the statute and rule.

■ Bertram argues the court lacks subject matter jurisdiction for interpleader for failure of the court to have "the actual or constructive possession of the fund allegedly interpled." Bertram maintained that the fund was a deposit in the bank account of the St. Louis law firm and the check payable to Bertram drawn by the law firm on that account was not a "fund" sufficient to support interpleader jurisdiction. This position was rejected by the Missouri Supreme Court in *Plaza Express Company v. Galloway*, 365 Mo. 166, 280 S.W.2d 17, 20–21 (1955) where it said:

As we read the plain language of this statute, there are only two vital facts which must appear from the averments in plaintiffs' statement of their claim. These are that persons have claims against plaintiffs, and that those claims are of such nature that plaintiffs may be exposed to 'double liability' ... the other pertinent parts of the statute eliminate the necessity for the existence of facts and conditions, the existence of which was formerly necessary....

The court expressly held "the language of the statute negates any idea that a fund or other property need be deposited in court or that any offer to do so need be made." *Id.* 280 S.W.2d at 23.

■ Bertram also argues the court erred by awarding attorney's fees "for the reason that it takes appellant's property for the private use of respondent, without an assessment of liability in violation of Art. I § 28, Constitution of Missouri." Defendant Burkemper requested an interpleader fee in the cross-claim against Bertram. He also requested a fee in a motion for fees. The court considered the motion, expressly determined that the sum of $3300 was a reasonable attorney's fee and entered the judgment. We find no violation of the provisions of the Missouri Constitution where the court awarded a fee to the stakeholder as part of his costs. *Northwestern National Insurance Company v. Mildenberger*, 359 S.W.2d 380, 387 (Mo.App.1962).

■ Bertram next argues that the court erred in ordering Bertram to sign the check on deposit with the clerk of the court because that relief was not requested by any party. It is true that no one requested such order. It is also true that the interpleader proceeding involves two successive litigations, the first equitable and the second legal. *Philadelphia Life Ins. Co. v. Moffat*, 783 S.W.2d 133, 135 (Mo.App.1989). The determination that interpleader is proper and discharge of the stakeholder is equitable in nature. The contest between the claimants is controlled by rules regarding suits at law. The award of attorney's fees in the present case was part of the equitable first stage wherein the court determined that interpleader was proper, discharged defendant Burkemper from liability to either party and awarded fees. We find the court did not err by ordering endorsement of the check on deposit with the clerk. Defendant Bertram participated in the deposit of the substitute $3500 check as part of his settlement with plaintiff PCA. He did so when the court required the check before approving the settlement and releasing the $61,848.43 check. We find the court had equitable authority to order endorsement of the check.

Bertram's last point on appeal is that the court "erred and abused its discretion by ordering attorney's fees which compensates interpleader for services other than relating to the interplea and exceeds the request of the interpleader." Bertram has not furnished this court with a transcript of any proceedings which are reviewable to determine whether the court abused its discretion in finding the sum of $3300 as a reasonable attorney's fee for defendant Burkemper. The interpleader cross-claim requested an attorney's fee. On the record presented to this court we do not have a sufficient record to find that the determination of the trial court was an abuse of discretion.

■ Defendant Burkemper's motions to dismiss appeal are denied. The defects in appellant Bertram's statement of facts in his brief on appeal are noted. However, we elect to review on the merits. We also find the appeal is timely. When the court entered an award of attorney's fees in favor of Burkemper on June 1, 1989 the court expressly noted further orders were necessary regarding a balance of $200. On June 29, 1989 the court reaffirmed the award of attorney's fees, disposed of the remaining balance, and designated the order as final and appealable. At that time plaintiff Production Credit Association's petition was still pending. PCA then dismissed its petition. The notice of appeal, filed on July 25, 1989, was filed within the thirty day period following judgment. It was premature, not untimely.

■ We also deny the request of defendant Burkemper for damages for frivolous appeal. The issue regarding an order that defendant Bertram endorse the check lodged with the clerk has apparently not previously been decided.

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and CRANDALL, J., concur.