Chad YORK, Plaintiff–Appellant,

v.

Garland BERTRAM, Defendant,

Latourette, Wyerich, Schlueter, and Byrne, Respondent.

No. 57893.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 8, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 7, 1991.

Charles R. Willis, St. Louis, for plaintiff-appellant.

Robert S. Rosenthal, St. Louis, for respondent.

PUDLOWSKI, Judge.

Appellant, Chad York (hereinafter York), appeals from a summary judgment in favor of respondent, the law firm of Latourette, Wyerich, Schlueter & Byrne (hereinafter Latourette). The trial court held that as a matter of law, Latourette did not control funds or owe an undischarged debt to defendant at the time of service of garnishment upon the law firm.

This case developed as a result of a suit brought in Monroe County Circuit Court at Paris, Missouri, by Production Credit Association of St. Louis [1] (hereinafter PCA) against Thomas Burkemper (hereinafter Burkemper) and the defendant in this case, Garland Bertram (hereinafter Bertram). Burkemper, along with Latourette, represented Bertram in two condemnation suits concerning real estate owned by Bertram. *Production Credit Association of St. Louis v. Bertram and Burkemper*, 789 S.W.2d 173, 174 (Mo.App.1990). In its petition, PCA stated that Bertram assigned PCA all rights to compensation from any condemnation proceeding relating to certain real estate. PCA alleged that Bertram instructed Burkemper to conceal over $61,000 in condemnation award proceeds.

Burkemper counter and cross-claimed requesting an order of interpleader alleging that both PCA and Bertram claimed rights in a check he possessed. The check, in the amount of $61,848.43, was drawn on La-

---

1. Production Credit Association of St. Louis is now Central Production Credit Association of St. Louis.

tourette's escrow account at Commerce Bank–St. Louis and made payable to Bertram. Pursuant to Bertram's motion of June 28, 1988, the case was removed to Marion County Circuit Court at Hannibal, Missouri. Burkemper filed the check in question with the Clerk's Office of the Marion County Circuit Court. The Marion County Circuit Court granted the request for interpleader and dismissed Burkemper. Burkemper requested attorney's fees for the interpleader action.

PCA and Bertram entered into a stipulation and agreement, filed with the court on May 25, 1989, requiring PCA to withdraw the $61,848.43 check from the Clerk of the Marion County Circuit Court and for Latourette to substitute in the clerk's office, a $3,500 check drawn on Latourette's escrow account, sufficient to cover Burkemper's attorney's fees. Latourette issued the $3,500 check [number 1565] payable to Bertram and delivered the check to Bertram's attorney in that case, Charles Willis.[2] On June 1, 1989, the trial court ordered Bertram to endorse the check and deposit it in the court's registry.[3]

Bertram appealed, challenging the trial court's authority to order an endorsement of the check and the award of attorney's fees. We affirmed the trial court's order, specifically finding that there was equitable authority to order the endorsement and that the attorney's fees were proper. *Production Credit Association of St. Louis v. Bertram & Burkemper*, 789 S.W.2d 173 (Mo.App.1990).

On June 15, 1989, York obtained an order of attachment in the Associate Division of the Circuit Court of the City of St. Louis against Bertram. In his petition for writ of attachment and damages for breach of contract and in his affidavit requesting garnishment in aid of attachment, York's attorney, Charles Willis, stated that Bertram assigned all condemnation proceeds to York on May 9, 1988.[4]

On June 16, 1989, garnishment was served upon Latourette and their bank. On June 29, 1989, Latourette moved the associate circuit court to quash the garnishment stating that the funds in question were not the property of Latourette. The associate division of the circuit court overruled the motion to quash on July 18, 1989 and one month later ordered Latourette to pay $3,500 into the registry of the associate division of the circuit court. On September 5, 1989, the associate division of the circuit court entered judgment for York in the amount of $3,500. Latourette appealed this judgment to the Circuit Court of the City of St. Louis requesting a trial de novo. Both parties filed summary judgment motions on October 27, 1989, with the circuit court and on November 20, 1989, the circuit court granted respondent's motion, and quashed the garnishment. York filed a motion to amend the judgment or in the alternative a new trial, but these motions were denied by the circuit court finding that Latourette did not control the funds in question at the time the writ of garnishment was served on Latourette.

Appellant contends that the trial court erroneously applied Missouri law by finding that Latourette discharged its debt to Bertram when it issued check number 1565. According to appellant, the underlying debt that he attempted to garnish was not discharged since the check was never paid.[5]

2. Mr. Willis represents appellant York in the present case.

3. This court finds nothing in the legal file or appellant's brief pertaining to the previous appeal or indicating Bertram ever endorsed the check to the order of the clerk.

4. According to the legal file, the only evidence of an assignment presented to the trial court was Willis' affidavit stating that such an assignment took place.

5. Appellant cites many cases to support this proposition that, "the delivery of a check to the creditor and his acceptance of it is not payment of the debt or obligation until the check has itself been paid, and that when the check is not paid, it may not be said to have constituted payment of the debt or obligation for which it was given," *LePage v. Metropolitan Life Insurance Co.,* 314 S.W.2d 735, 738 (Mo.1958); *See G.F.C. Corporation v. Nesser,* 273 S.W.2d 264, 268 (Mo.1954), but it is significant that none of the cases cited discuss how this body of law relates to the use of garnishment on a check.

Section 525.040 of the Missouri Statutes states:

Notice of garnishment ... shall have the effect of attaching all ... notes, drafts, checks or other choses in action of the defendant in the garnishee's possession or charge, or under his control at the time of the service of the garnishment, or which may come into his possession or charge, or under his control, or be owing by him, between that time and the time of filing his answer....

V.A.M.S. § 525.040 (Supp.1990), Rule 90.06 (Missouri Supreme Court Rule restating statute). According to the statute, at the time of service of the notice of garnishment, the garnishee must possess or have control over property of the defendant to qualify that debt (asset) as one subject to garnishment. *Id.* In the previous appeal by Bertram, we held that the trial court had "equitable authority to order endorsement of the check." *Production Credit Association,* 789 S.W.2d at 176. The Marion County Circuit Court possessed and controlled the $3,500 check which was evidence of the obligation owed by Latourette as of June 1, 1989. On that date the court ordered Bertram to deposit and endorse check number 1565 in the court clerk's office. The notice of garnishment was not served until June 16, 1989. We find that since Latourette did not "possess" or "control" the check, Latourette's obligation ceased and the debt (asset) was not subject to garnishment pursuant to § 525.040.

Judgment is affirmed.

CRIST and GARY M. GAERTNER, JJ., concur.

---

Appellant would have this court infer that because a debt, as evidenced by a check is not discharged until final payment is made, a debtor does not lose "possession" or "control" of the funds until the time the debt is ultimately discharged by final payment and therefore the check may be subject to garnishment. We decline to adopt this view. *See Frickleton v. Fulton,* 626 S.W.2d 402 (Mo.App.1981); *Prewitt v. Brown,* 101 Mo.App. 254, 73 S.W. 897 (1903).