

# In the Missouri Court of Appeals
## Western District

| | | | |
|---|---|---|---|
| GARRISON PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) | | |
| Appellant, | ) | WD84612 | |
| v. | ) ) | | |
| CHERLYN McWHIRT, et al., | ) | Filed: August 2, 2022 | |
| Respondents. | ) | | |

## APPEAL FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
### The Honorable Kate H. Schaefer, Judge

### Before Division Three: Cynthia L. Martin, Presiding Judge, Lisa White Hardwick, and W. Douglas Thomson, Judges

Garrison Property & Casualty Insurance Company ("Garrison") appeals from an order denying its request to be released from liability under Section 507.060.4.[1] Garrison contends the circuit court erred in finding that Garrison had not met its burden to demonstrate that it satisfied the statutory elements for release of liability. For reasons explained herein, we affirm the judgment.

---

[1] All statutory references are to the Revised Statutes of Missouri 2016, as updated by the 2019 cumulative supplement.

## FACTUAL AND PROCEDURAL HISTORY

On June 13, 2020, Cherlyn McWhirt, Brandon and Emily Barber, Vincent Wirth, John and Ruth Cosgrove, and the Cosgroves' two minor grandchildren were involved in a multi-car accident. The accident resulted in the death of one of the Cosgroves' minor grandchildren along with various injuries and damage sustained to the parties and their property.

Garrison insured McWhirt under a policy that included personal injury coverage limits of $50,000 for each person and up to $100,000 for each accident. The policy further provided coverage of up to $50,000 for property damage per accident. Additional coverages under the policy included coverage for uninsured motorists, physical damage, collision damage, and "med pay."

John and Melisa Geiger, the parents of the children involved in the accident, filed a lawsuit against McWhirt seeking damages for the wrongful death of one child and injuries to the other. The Cosgroves also filed a lawsuit against McWhirt seeking damages, and the Cosgroves and Barbers made claims with their respective insurance providers for personal injury and property damage. Garrison ultimately paid the Cosgroves' insurance provider $10,817 and the Barbers' insurance provider a total of $5,064.40 as reimbursement for the parties' property damage claims. Garrison further paid $500 to the Barbers as reimbursement for the deductible on their own insurance policy, and $3,298.78 to

Wirth's father for damage to the vehicle Wirth was driving at the time of the accident.

On August 12, 2020, the Geigers sent a letter to Garrison seeking payment "within the limits of all available coverages in exchange for a release of your insured." On October 7, 2020, Garrison filed an interpleader action with the circuit court under Rule 52.07 and Section 507.060. Under Section 507.060, Garrison requested an order "discharging Garrison from all liability in connection with the Garrison Policy and the June 13, 2020 motor vehicle accident." The court heard argument on the petition on January 5, 2021, and on January 12, 2021, ordered that Garrison deposit with the court "all of its applicable limits of coverage." Garrison timely deposited $100,000, the policy's personal injury coverage limit per accident, into the court's registry.

With leave of the circuit court, the Cosgroves, the Geigers, and McWhirt subsequently filed amended answers arguing that Garrison was not entitled to relief under Section 507.060.4. An evidentiary hearing was held, and the court heard, *inter alia*, evidence and argument regarding the application of Section 507.060.4. The court entered its judgment on May 3, 2021, discharging Garrison from the interpleader action pursuant to Rule 52.07,[2] but denying relief under 507.060.4 after finding that Garrison had "failed to satisfy its burden of proof on

---

[2] Once it is determined that an interpleader action is properly filed, an order discharging the interpleader as a party to the case is customary, as the interpleader makes no claim to the interpleaded funds. *See, e.g., Heinrich v. South Side Nat. Bank in St. Louis*, 250 S.W.2d 345, 347 (Mo. banc 1952).

3

its request for relief under section 507.060." On June 8, 2021, the circuit court amended its judgment to comply with Rule 74.01 for appeal purposes. Garrison appeals.

## STANDARD OF REVIEW

Appellate review of this court-tried civil case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Moore v. Moore*, 484 S.W.3d 386, 388 (Mo. App. 2016). "We must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Id*.

## ANALYSIS

Before reaching the merits, we must address our jurisdiction to hear this appeal. In their brief, the Geigers argue that Section 507.060 violates the Contracts Clause of the United States Constitution and Missouri Constitution. Our Supreme Court has exclusive jurisdiction of all cases involving the validity of a state statute. *State v. Ellis*, 853 S.W.2d 440, 446 (Mo. App. 1993). "The mere assertion that a statute is unconstitutional, however, does not deprive the court of appeals of jurisdiction. . . . [T]he constitutional issue must be real and substantial, and not merely colorable." *Id*. "In determining whether a constitutional claim is merely colorable, a preliminary inquiry is made as to whether the claim presents a contested matter of right that involves fair doubt and reasonable room for disagreement." *State ex rel. Mo. Highways & Transp. Comm'n v. Greenwood*, 263 S.W.3d 449, 458-59 (Mo. App. 2008). Our initial inquiry may include a

4

determination of standing to raise a constitutional argument. *Ellis*, 853 S.W.2d at 446.

Here, the Geigers' abbreviated constitutional challenge is merely colorable in that it relies on generally applicable caselaw and the conclusory assertion that any contractual impairment is substantial. The Geigers further fail to argue or demonstrate their standing to raise a constitutional challenge to the right to contract when they have no contractual relationship to Garrison or the policy in question. Therefore, we retain jurisdiction to hear this appeal.

In its sole point on appeal, Garrison contends the circuit court erred in denying relief under Section 507.060.4 even though it satisfied the statutory elements. Section 507.060.4 proscribes:

> If, within ninety days after receiving the first offer of settlement or demand for payment by a claimant, a plaintiff files an action for interpleader under this section and the plaintiff timely deposits all of its applicable limits of coverage into court within thirty days of the court's order granting interpleader, the plaintiff shall not be liable to any insured or defendant for any amount in excess of the plaintiff's contractual limits of coverage in the interpleader or any other action, so long as the plaintiff defends all of its insureds in good faith from any claims or lawsuits for damages allegedly caused by the incident or occurrence for which the limits of coverage were paid into court, even after depositing its limits of coverage into court notwithstanding any policy provision releasing the plaintiff of its duty to defend any of the insureds. Any insured's refusal of the plaintiff's good faith defense shall not affect the plaintiff's rights under this section.

Subsection 4 was added to Section 507.060.4 effective August 28, 2018. By its plain language, Section 507.060.4 provides that a "plaintiff," (defined in Section 507.060.2 to mean an insurer), "shall not be liable . . . for any amount in excess of

5

the plaintiff's contractual limits of coverage in the interpleader or any other action" so long as express conditions are satisfied.

Garrison's request for an order discharging it from "all liability" presumes without discussion that Section 507.060.4 authorizes a circuit court in an interpleader action to, in effect, enter a declaratory judgment on the issue of an insurer's liability over and above interpleaded funds. We question that presumption and believe it as plausible that Section 507.060.4 does no more than create a statutory affirmative defense that can be raised should a future claim be asserted against an insurer in excess of interpleaded funds. Because neither party raised or addressed this fundamental issue of statutory construction, we are reluctant to resolve the issue here, particularly as we need not do so in order to affirm the circuit court's judgment. Even if Section 507.060.4 can be construed to authorize an insurer to seek an order in an interpleader action declaring that the insurer has no further liability, Garrison did not demonstrate that it satisfied the express conditions to discharge it from liability set forth in the statute.

To be entitled to the relief of no liability "for any amount in excess of the [insurer's] contractual limits of coverage," Garrison must have: 1) filed an action for interpleader within 90 days after receiving the first offer of settlement or demand for payment, 2) deposited "its applicable limits of coverage" with the circuit court within 30 days of the court's order granting interpleader, and 3) continued to provide a good faith defense to its insured. Garrison concedes that it is premature to determine whether the third condition--the continued provision of

6

a good faith defense to its insured--has been satisfied, as litigation against its insured continues. Garrison argues that its inability to satisfy this express condition should be overlooked because it was willing to agree that an order declaring it to have no further liability would remain subject to its duty to continue to provide a good faith defense to its insured. However, the plain language of Section 507.060.4 does not contemplate a conditional declaration of no further liability.

Moreover, the Geigers argue that Garrison's request for relief exceeded the relief allowed by Section 507.060.4. Therefore, the Geigers contend that Garrison was not entitled to relief even if it had met the Section 507.060.4 elements. A circuit court is "limited when awarding relief to a party to the relief requested in the pleadings." *City of Kansas City v. New York-Kansas Bldg. Assocs., L.P.*, 96 S.W.3d 846, 853 (Mo. App. 2002). Rather than request relief from liability "in excess of [Garrison's] contractual limits of coverage," Garrison asked the circuit court to grant an order relieving it from "all liability" relating to McWhirt's policy and the accident. At a February 18, 2021 hearing, the circuit court and the interpleader defendants each expressed uncertainty with the court's ability to grant relief from "all liability" under Section 507.060.4 while actual claims against the policy were still being raised and adjudicated. Although there was discussion at the hearing of amending the interpleader petition to exclude the "all liability" language, Garrison ultimately declined to do so. During oral argument, Garrison conceded that, had it secured the order it sought from the circuit court, it would

have taken the position that the order foreclosed future bad faith claims, even though such claims do not directly involve coverage claims under a policy of insurance.

We need not resolve whether the phrase "shall not be liable . . .for any amount in excess of the [insurer's] contractual limits of coverage" includes liability for claims like bad faith, since Garrison did not demonstrate satisfaction of the condition of continued provision of a good faith defense to its insured. Under the circumstances, therefore, we cannot conclude that the circuit court erred in rejecting Garrison's contention that it was entitled to an order discharging it from "all liability" in connection with the Garrison policy and the June 13, 2020 motor vehicle accident.

That is particularly so because even if, in equity, the circuit court were authorized to consider granting relief to Garrison from "all liability," the facts at the time of trial preclude such an award. The Geigers argued at trial, and Garrison did not refute, that, at the time, the Geigers were involved in ongoing litigation on a claim of property damage resulting from the accident. Regardless of whether Garrison faced additional multiple liability, the presence of an actual pending claim of liability against the insurance policy directly evidences that Garrison had not resolved its potential liabilities in a manner sufficient to be awarded relief from "all liability" in equity.

Consequently, we need not resolve whether Section 507.060.4 authorizes a circuit court in an interpleader action to enter an order declaring that an insurer

8

has no further liability, or to resolve the parties' contentions as to whether Garrison complied with Section 507.060.4, because Garrison has failed to demonstrate that it was entitled to its requested relief. The point is denied.

## CONCLUSION

The judgment is affirmed.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.